NEW-YORK,
May, 1822.

BRADSHAW
v.
RODGERS.

BRADSHAW *against* RODGERS and MAGEE.

ON *certiorari* to a Justice's Court.

*Bradshaw*, who was plaintiff below, declared for a trespass, committed by the defendants, on his land, on the west side of the *Waterford and Whitehall Turnpike*, between the seventh and eighth mile stones, by the defendants' entering thereon, and cutting, &c., young and thrifty timber; and demanded damages to 50 dollars.

The defendants admitted the trespass, but denied the amount of damages, and the plaintiff's right to recover; and pleaded a justification under the several acts relative to *canals*, and the acts passed in addition thereto. The cutting of the timber by the defendants, and the value thereof, were proved.

The defendants relied on the acts of the 17th of *April,* 1816, (sess. 39. ch. 237.) and the 15th of *April,* 1817, (sess. 40. ch. 262.) and the subsequent acts relative to canals. It was proved by the defendants, that they had entered into a contract with *Samuel Young,* one of the canal commissioners, to make a turnpike road, in lieu of part of the turnpike road, which had been taken for the canal; that the same had been approved by the chief engineer; and that the cutting the timber complained of, was necessary to complete the said road. The objections to the defence were, 1. That compensation ought to have been made to the plaintiff, before his land was entered upon and taken. 2. That the engineer had no authority to alter the route of the turnpike, and, consequently, had no authority to take the plaintiff's land; and, 3. That no certificate of the contem-

*The third section of the act, passed April 15, 1817, (sess. 40. ch. 262.) relative to canals, does not authorize the commissioners, or their agents, to enter upon and occupy lands, unless it be necessary to prosecute the canal improvements. And the 21st section of the act for the maintenance and protection of the canals, &c., passed April 13th, 1820, (sess. 43. ch. 202.) authorizing the commissioners to discontinue, or alter any part of a public road, or highway, which may interfere with the location, or construction of the canals, does not apply, or extend to a turnpike road which is the private property of a turnpike corporation.*

An entry, therefore, on the land of a person, by the agents of the commissioners, for the purpose of making a new road, in the place of a part of a *turnpike* road discontinued by them, and taken for the purposes of the canal, is a trespass, for which the party injured is entitled to recover damages.

To take private property for public use, without making a just compensation to the party, is not only unconstitutional, as against a fundamental principle of government, but a violation of natural right and justice; an act of the legislature, therefore, violating this principle, is null and void.

NEW-YORK, plated alteration had been made, or filed. The Justice gave
May, 1822. judgment for the defendants. The case was submitted to
BRADSHAW the Court, without argument.
v.
RODGERS.

SPENCER, Ch. J., delivered the opinion of the Court.

The same objections which were urged against the defence set up in the Court below, have been made here, as grounds for the reversal of the judgment. The third section of the act of the 40th session, ch. 262, does not apply to this case, because, the plaintiff's land has not been entered upon for the prosecution of the canal improvements intended by that section. For such objects it does not admit of a doubt, that the canal commissioners, and their agents, have a right to enter upon and occupy lands necessary to effectuate the objects of their appointment, without having first paid the loss and damage which the proprietor of the lands may sustain. It is true, that the fee simple of the land is not vested in the people of the state, until the damages are appraised and paid; but the authority to enter is absolute, and does not depend on the appraisal and payment; and that act provides fully for the payment of the loss and damage sustained by any person, whose lands are taken for the purposes of the canal. This case turns upon the construction of the 21st section of the act of the 13th of *April*, 1820, (sess. 43. ch. 202.) which provides, that in all cases in which it shall be deemed necessary by the principal engineer, in laying out the line of the *Erie* or *Champlain* canals, to discontinue, or alter *any part of a public road, or highway*, on account of its interfering with a proper location or construction of either of the canals, such engineer shall be authorized to make such discontinuance, or alteration; and upon his drawing up, in writing and figures, a true description of all such parts of any public road, or highway, as he may discontinue and new lay, on the account aforesaid, and filing the same in the clerk's office of the town in which such discontinuance and alteration may be situated, the same shall be lawful. The proviso requires the commissioners to open and work the newly laid road before the former is discontinued. With every disposition to uphold and justify the commissioners, and their agents, in the great and valua-

NEW-YORK,
May, 1822.

BRADSHAW
v.
RODGERS.

ble work in which they are engaged, consistent with law, I must say, and I say it with regret, I think the proceedings in this case indefensible. It has been already observed, that the plaintiff's land was not entered upon for any purpose immediately connected with the canal; but was taken as a substitute for part of a turnpike road, which was broken up and taken for the canal; and without some legislative authority, independently of the act of the 40th session, ch. 262. the trespass now complained of, could not be justified. This must have been the sense of the legislature, and, probably, of the canal commissioners, in the enactment of the act of the 43d session, ch. 202. sec. 21. The first objection is, that the act last referred to, applies only to a public road, or highway, and that the turnpike road is not a public road, or highway, but the property of the turnpike corporation. It is, undoubtedly, true, that there is a material and manifest distinction between a public road and highway, and a turnpike road. The former is open and public for the passage of every person, without any toll, or other imposition; whereas, the latter is private property, subject to be travelled over, on first paying an equivalent for its use, prescribed by the legislature. It is impossible to extend the provision relative to a public road and highway, to embrace a turnpike road, without doing violence to the expressed and declared intention of the legislature. The act, in requiring the principal engineer to draw up and file a description of the parts of the road discontinued and laid anew, in the clerk's office of the town in which such discontinuance and alteration may be situated, evidently shows that the legislature meant, as the act purports, to authorize such discontinuance and alteration as to public roads and highways only; for they have adopted the provisions of the existing laws, as to laying out and altering public roads and highways, by the commissioners of roads, of the several towns, and which provisions are wholly inapplicable to turnpike roads. The present, then, is a *casus omissus.*

If we could surmount this difficulty, a more serious one presents itself. The act under consideration contains no provision to compensate, at any time, those whose lands

NEW-YORK,
May, 1822.

MORTON
v.
CROGHAN.

may be taken as a substitute for a public road, or highway, altered, or discontinued by the principal engineer, for the damages they sustain. This is directly opposed to the fifth article of the amendments of the constitution of the United States, which forbids the taking of private property for public use, without just compensation. The same inhibition to the power of the legislature, is contained in the late amendments to the constitution of this state. I do not rely on either, as having a binding constitutional force upon the act under consideration. The former related to the powers of the national government, and was intended as a restraint on that government; and the latter is not yet operative. But they are both declaratory of a great and fundamental principle of government; and any law violating that principle must be deemed a nullity, as it is against natural right and justice. This all important and essential principle was somewhat illustrated in the case of *The People* v. *Platt*, (17 *Johns. Rep.* 215.)

We are bound, on both points, to declare that the judgment below is erroneous.

*Judgment reversed.*