## CASE vs. THOMPSON.

*Sixty* days notice to the owner of land must be given before proceeding to open a road, as well where it has been established by an *alteration* made by *judges* after the same had been laid out by them on *appeal,* as where a road is originally laid out by commissioners of highways.

Actual notice must be shewn in such case, and will not be presumed.

The payment or assessment of damages of the owners of lands through which a road is laid, is not a condition precedent to the right to open the road.

ERROR from the Orange common pleas. This was an action of trespass for entering upon the lands of C. Thompson, for the purpose of opening and working a public highway. Case was a commissioner of highways, and in justification of his acts shewed the following facts : In 1822 three of the judges of the common pleas *laid out* a road *near* the place of the alleged trespasses, upon an appeal from the determination of the commissioners of highways of the town of Goshen refusing to lay out such road. In 1825, certain freeholders and inhabitants of Goshen, with the approbation of the commissioners of highways of that town, presented a petition to the judges, praying that an alteration might be made in the road, so as to cause the same to pass over the *locus in quo,* and the judges made the *alteration.* There was no proof that notice had been given to the plaintiff to remove his fen-

ces. The defendant requested the court to charge the jury that a notice of sixty days, or any other notice to the occupant to remove his fences was not necessary, previous to the opening of a road thus *altered* by the judges; or if notice was necessary, that the law would presume it to have been given. The court refused so to instruct the jury, and charged them that sixty days notice ought to have been given to the plaintiff, and that proof must be made of the fact, the law not allowing of a presumption of notice in such case. The defendant excepted, and the jury found for the plaintiff. On the trial of this cause, the C. P. also decided that it was not necessary that the damages of the owner of the land should be assessed before the opening of the road. The plaintiff having entered judgment on the verdict, the defendant sued out a writ of error.

*C. P. Bradner,* for plaintiff in error.

*Wilkin & Benton,* for defendant in error.

*By the Court,* SUTHERLAND, J. I think the court below were correct in holding that the provisions of the 39th section of the act to regulate highways, 2 *R. L.* 283, were applicable to roads fixed or determined by the judges of the court of common pleas, an appeal under the 36th section of the act, and also to roads altered by them under the 37th section of the same act. The 39th section provides that it shall be lawful for the commissioners of highways, or a majority of them, in all cases where they shall have laid out any public highway through any enclosed lands, in conformity to the provisions of this act, *after giving the owner or occupant sixty days notice to remove his fences,* to direct the said road to be opened or worked, and no action of trespass shall lie or be maintained against any person or persons acting in pursuance of such directions, *provided* that the determination of the said commissioners in the premises shall not have been appealed from; *and if it has, then the sixty days notice shall be given after the decision of such appeal.* The question is, whether the sixty days notice required to be given by this section, to the owner or occupant of any enclosed land

NEW-YORK,
May, 1831.

Case
v.
Thompson.

through which a road shall have been laid out, to remove his fences, is applicable to cases in which a road may have been *altered* by the judges under the 37th section.

It will be observed, that by the express terms of the first proviso to the 39th section, the notice is to be given in cases in which the judges shall have fixed the road *upon appeal ;* in such cases, the notice is not to be given until after the decision of the appeal. Now the proceedings under the 27th section may well be considered but a continued or renewed exercise of the appellate power of the judges, and as such, embraced in the proviso to the 39th section. The object of the 37th section was to prevent the commissioners of highways from reversing the decisions of the judges, under the form of a discontinuance or alteration of a road which the judges had fixed upon appeal. It accordingly gives the exclusive power of altering or discontinuing such roads to the judges, upon the application of any person interested, made with the approbation of the commissioners of highways. The alteration cannot be made unless the commissioners unite in, or approve of the application. I apprehend the legislature, in the general language used by them in the 39th section, requiring notice to be given, intended to embrace all cases of roads laid through enclosed lands, whether laid out directly or indirectly, by the commissioners of highways ; and that the commissioners are named because they are the body who ordinarily act, and are considered as possessing the general authority in such cases. A road which is altered or laid out upon the application of the commissioners of highways, or upon an application approved of by them, may, without any violence, be considered as laid out by them, for the purpose of giving effect to the salutary and remedial provision of the 39th section. No reason is perceived why a party should have a notice of sixty days to remove his fences in the one case, and not in the other ; and we cannot suppose that the legislature intended to establish any such distinction.

If the commissioners had no right to open the road, without giving notice to the party to remove his fences, then they were bound to prove that such notice had been given, in order to entitle themselves, or their agent, to the protection of

the act.  It was not for the plaintiff to prove that such notice <span>NEW-YORK, May, 1831.</span> had not been given.  The presumption which is sometimes indulged in favor of public officers, does not extend to a case like this. <span>Douglass v. Wilkeson.</span>

The court were also correct in holding that the payment or assessment of the damages, under the 16th section of the act, was not a condition precedent to the right to open the road.  This was expressly decided in the case of *The People, on the relation of Palmer and others, v. Vail and others*, at the last May term, not reported.  It was there said that the commissioners have nothing to do with the assessment, levying, or collection of those damages; that is the business of the owners themselves, and of the supervisors; and the right of the commissioners to proceed and lay out the road is in no respect affected by it.

Judgment affirmed.