NEW-YORK, May, 1831.

Fleet v. Youngs.

FLEET *vs.* YOUNGS.

A *plea of title* put in in a justice's court, and a compliance with the requirements, of the statute in such cases, does not *oust* the justice of jurisdiction, in an action of *debt for a penalty* for not removing an *obstruction* in a *high-way.*

It is the duty of the justice to decide whether such plea, when put in, is appropriate to the action prosecuted before him.

An action for the penalty given by the " act to regulate highways in the counties of Suffolk, Queens and Kings," for not removing an obstruction in a highway, lies as well after a decision by *judges,* upon an *appeal,* where the same is adopted and acted upon by the commissioners of highways, as upon the decision unappealed from of the commissioners themselves.

Where a penalty is given for omitting to remove an obstruction within the time of 20 days after *notice* from the commissioners, and being *warned* thereunto by the overseer, and a like penalty is imposed for every eight days such obstruction shall afterwards remain unremoved, both penalties are incurred at the end of 28 days after warning, although the *warning* be not given until 9 months after notice from the commissioners.

ERROR on certiorari. Youngs, as an overseer of highways of the town of Oysterbay, commenced a suit before a justice of the peace against Fleet for obstructing a highway. In his declaration he stated that on the 11th August, 1826, the commissioners of highways of Oysterbay, upon a view of a certain road, did find that a part of it leading along and adjoining the lands of the defendant had been and was *lessened,* and *obstructed* by the means of a fence of a defendant, and proceeded

to *open* such road to the width mentioned in the original re-
cord thereof, and affixed certain boundaries and monuments
on the lands enclosed by such fence, designating the bounds
back to which the fence should be removed, so that the road
should be 4 rods wide—its original width ; that the defendant
appealed from the decision of the commissioners to three of
the judges of the court of common pleas of the county of
Queens, who, on the 17th March, 1827, made some altera-
tions, but fixed a line to which the fence ought to have been
removed back, off and from the road, referring to the bounda-
ries and monuments fixed by the commissioners ; that after
the alteration and establishment by the judges of the road, the
commissioners, on the 26th July, 1828, gave information there-
of to the defendant, and notified and directed him to cause his
fence standing on the road to be removed off and from the
road, according to the designation and establishment of the
road by the judges, within 20 days from the first day of Au-
gust then next, and that on the 12th May, 1829, the plaintiff,
as overseer, warned the defendant to cause the fence to be re-
moved off of the highway according to the designation and es-
tablishment of the judges. The plaintiff then averred that
the defendant did not within 20 days after such notice by the
commissioners, and being warned by the defendant, cause
such obstruction to be removed, but that the obstruction re-
mained unremoved 8 days after the expiration of the said 20
days, and that the defendant had not removed the obstruction,
but had wholly refused, &c. ; by means whereof, and by force
of the second section of the act, entitled " An act to regulate
highways in the counties of Suffolk, Queens and Kings," an
action had accrued to the plaintiff to demand and have of the
defendant the sum of *ten dollars ;* concluding in the usual
form of a declaration in debt for a penalty. The defendant
being called on for an answer to the declaration, put in a *plea
of title,* alleging that the close in the declaration mentioned
alleged to be an encroachment upon, and an obstruction of
the highway, was the close, soil and freehold of the defendant
*exclusive of the highway, and not any part or parcel of the high-
way,* wherefore; &c. and offered a recognizance to appear in a
suit to be commenced against him in the common pleas. The

plaintiff objected to the plea being received, because the *title of land* did not and could not in any wise come in question in that action, for that the declaration affirmed the title to be in the defendant. The justice rejected and overruled the plea, and no objection being made by the defendant, the plaintiff proceeded to examine his witnesses, and exhibit his proofs in support of his declaration.

The road in question was laid out in 1746, and it was proved that according to the original survey, it was 4 rods wide where it led by and along the defendant's land. On the 11th August, 1826, the commissioners of highways of the town of Oysterbay *viewed* the road, and found the defendant's fence. for about 20 rods in extent, encroaching on the road; they went into his fields and fixed monuments back to which the fence should be removed. The defendant appealed to three judges of Queens, who, on the 17th March, 1827, after making s ome slight alterations in the monuments fixed by the commissioners, established the road, and directed the owners of lands through which the same passed to set their fences according to the line established by them. On the 26th July, 1828, the commissioners of highways notified and directed the defendant to remove his fence *according to the designation and establishment of the highway by the judges,* within 20 days from the first day of August, then next, and on the 12th May 1829, the plaintiff, as overseer, served a warning on the defendant, to remove his fence according to the designation and establishment of the road by the judges on his appeal, and on the 12th June, 1829, this suit was commenced. The justice returned that no issue, either in law or in fact, was joined between the parties before him, but that the defendant attended during the hearing of the proofs and allegations, cross-examined the witnesses, and commented on the testimony, and that during the hearing the plaintiff admitted that the title to the lands on which the fence stood was in the defendant, subject however to the *easement* or *right of way* claimed by the plaintiff. The justice rendered a judgment in favor of the plaintiff. for *ten dollars* debt and the costs of the suit. The defendant appealed to the common pleas, but subsequently gave notice that the appeal would not be prosecuted, and sued out a certiorari.

*W. T. Mc'Coun*, for plaintiff in error.   The justice had no right to reject or overrule the plea of title ; the case of *The People* v. *Onondaga. C. P.*, 3 Wendell, 263, is entirely decisive upon this point. The plea is, that the close, &c. was the close, soil and freehold of the defendant, *exclusive of the highway*, presenting the question whether the *locus in quo* was highway or not highway, and thus involving an inquiry into or concerning title.   Besides, the justice has no authority to *determine* that title cannot come in question when such plea is interposed ; if he could properly do so in this case, he may do the same in every action of *trespass*, by determining that title cannot come in question in the given case before him.   The only safe rule on this subject is to consider the justice as *ousted* of jurisdiction whenever the plea of title is interposed, and the requisitions of the statute on that subject complied with.

The case is not within the *letter* or *meaning* of the act under which the suit was brought.   The penalty is given for not removing a fence, in pursuance of a decision of *commissioners of highways*, that there has been an encroachment, 2 R. L. 305 ; not when the decision is made by *judges* on appeal, who *alter* the road, and establish it *differently* from what it was established by the commissioners.   In such a case no penalty is prescribed, and none can be raised by implication.   2 Johns. R. 379.   13 id. 428.   It is a *casus omissus.*

No penalty has been incurred.   The statute gives the penalty, if the party offending does not cause the obstruction to be removed within 20 days after *notice* from the commissioners, *and* being *warned* thereunto by the overseer ; the notice and warning must be simultaneous and concurrent acts.   Here the notice was in July, 1828, and the *warning* in May, 1829, and yet the penalty is claimed for not removing the fence within 20 days after such notice by the commissioners, and being warned by the overseer, although the warning was not given until 9 months after the expiration of the 20 days.   Between the notice and the warning, the defendant may have removed his fence, or it may have become unnecessary, by some other alteration of the road.   A penal statute is not to be extended by an equitable construction to meet the case.   6 Cowen, 567 ; 7 id. 252.   *Again ;* the penalty given is $5, and the like sum

for every eight days such obstruction shall *afterwards*, that is, *after notice*, remain unremoved. These eight days must be the next succeeding eight days after the twenty ; for omission during that time, a party forfeits $5; and he also forfeits $5 for not removing *within the* 20 *days ;* foi both offences judgment was given, although there was *no warning* until after the 20 days.

*D. S. Jones,* for defendant in error. The plea of title in this case was an utter nullity. The plaintiff admitted that the defendant was the owner of the land over which the road passed, but urged that such ownership was no defence to the action. The jurisdiction of the justice is ousted in all actions wherein the title to land *in any wise* comes in question ; but is it not the province and duty of the justice to decide whether in a particular action the title to land *can* come in question ? Ought a justice to receive a *plea of title* and dismiss the suit, where the action is *assumpsit, debt,* or bond for payment of money, or *debt for a penalty*, under the act to regulate inns and taverns ? If in any case a justice may reject such plea as inappropriate, it follows he has a right in every case to decide whether the plea is rightly interposed. Admitting the form of the plea to present the question whether the *locus in quo* was highway or not, still the title to the land was not involved. An inquiry whether the *locus* was highway or not, would properly arise under the plea of *nil debet*, and though inartificially drawn for that purpose, that inquiry might have been gone into under the plea interposed, but that was not asked ; it was insisted that the suit should be dismissed. That the plea in this case was properly rejected, is further manifest from the provisions of the statute, which contemplates only suits *for the recovery of damages*. Laws of 1818, p. 283, § 9. Besides, the defendant here must be considered as having *assented* to the proceedings after the rejection of his plea of title by cross-examining the witnesses and commenting on their testimony. The case of *The People* v. *Onondaga* C. P. ought not to be considered as conclusive of this question ; the plea of title there was received without objection ; its validity was not questioned, and it appears to have been merely a question of costs ; the grave question here presented was not considered.

If it be admitted that this case is not precisely within the *let-ter* of the statute, as contended on the other side, it by no means follows that it is not within its *meaning*. A case not within the letter of a statute may be held to be within the meaning, because it is within the mischief for which a remedy is provided; and statutes in which the public are interested, should be so construed that they may be effectual. Bacon's Abr. tit. Statute 1., 48 and 66; and although it be the general rule that *penal* statutes should be construed strictly, yet, even in the construction of these, the intentions of the legislators ought to be regarded. 3 Co. 7. Plowden, 10, 36. 11 Co. 34. 10 Mod. 282. 13 Johns. R. 497. Bacon's Abr. tit. Statute I., 49. The intent of the statute here is to *prevent encroachment upon highways,* and the penalty attaches, if the obstruction be not removed, whether it be decided to exist by the unappealed decision of the commissioners, or by their decision and a subsequent ratification or modification by the judges.

There is nothing in the statute requiring the *notice* and *warning* to be simultaneous or concurrent acts. There is no absurdity in the case; the *warning* given in 1829 was not to remove the fence within 20 days after the 1st of August, 1828, which indeed would have been absurd, but general, to remove the fence. The declaration is sufficiently explicit, within the rules applicable to pleadings in justices' courts, and by rejecting the words " that the obstruction remained unremoved eight days after the expiration of the said twenty days, and," as *surplusage,* the objection of the defendant that a penalty is claimed previous to the warning is obviated. The case then will stand thus: the first penalty attached immediately after the warning, that is, on the 13th May, 1829, and eight days afterwards, viz. on the 21st May, the second penalty attached, and on the 11th June the suit was brought.

*By the Court,* SAVAGE, Ch. J. The plaintiff in error contends that the judgment should be reversed, because, 1st. The justice was ousted of jurisdiction by the plea of title; 2d. That the case is not within the second section of the act under which the suit was brought; and 3d. If within the act, that the declaration does not shew any penalty incurred.

So much of the second section as it is material to state, is in substance as follows: That if the commissioners find any of the roads *lessened, obstructed,* or *blocked up,* they may open the same to such width as is mentioned in the record of such road ; that if such road happen to run on the line between two persons, and a dispute arise as to which of them has encroached, the commissioners shall, after being sworn, hear their allegations, and give judgment thereon, and direct the person encroaching to remove his fence ; and the commissioners, or a majority of them, after making such decision, and committing the same to writing, &c. shall give information to the person encroaching, and if he does not cause such obstruction to be removed within 20 days after *such notice,* and being *warned* by the owner of the district, he shall forfeit $5, and the like sum for every 8 days such obstruction shall remain, to be recovered with costs by the overseer. The 5th section provides that whenever any person shall conceive himself agrieved by the commissioners in any determination made by them, either in laying out or altering any such road, or regulating any such public landing or watering place, it shall be lawful for such person to appeal to three of the judges of the common pleas, who shall convene and decide such appeal, and their decision shall be conclusive, &c.

The objection is, that the case now before the court is not within the act, because the decision attempted to be enforced is not the decision of the *commissioners,* but of the *judges.* The facts are, that on the 11th August, 1826, the commissioners surveyed the road and determined that the fences of the plaintiff in error were an obstruction ; they stuck stakes within his lot, where the fences should be removed ; an appeal was made to the judges, who convened, and on the 27th March, 1827, modified the determination, by altering the stakes placed by the commissioners, but deciding as the commissioners did, that the fence was an obstruction, not *in terms,* but by the *manner* of altering the decision of the commissioners. On the 21st July, 1828, the commissioners *recognized the decision* of the judges as the final settlement as to where the fence should be, and required the plaintiff in error to move his fence accordingly, within 20 days from the 1st August then next. On the 12th

May, 1829, the defendant in error, who was overseer of highways, warned the plaintiff in error to remove his fences according to the establishment of the judges.

It may well be doubted whether this was a proper case for an *appeal* to the judges. In terms, the appeal is allowed from any determination of the commissioners in *laying out* or *altering* roads, or regulating any public landing or watering place not from a decision as to an encroachment; but if it be conceded that the appeal was well brought, when the decision was made, it was virtually the decision of the commissioners of highways; for the judges act not in their judicial capacity, but as appellate commissioners. The commissioners considered the decision of the judges as their own, and to be enforced by them, and hence gave notice accordingly. *Case* v. *Thompson*, 6 Wendell, 634.

It is objected that the *warning* of the overseer was a nullity, as it required a compliance with the order of the commissioners, which, as to time, was impossible. As I understand the statute, no penalty was incurred until 20 days after the notice from the commissioners, *and* the warning by the overseer. The notice directed the occupant to remove his fence in 20 days after the 1st of August, but as there was no warning by the overseer till May following, the previous notice was not operative, so as to subject the occupant to the penalty, but as the party did not remove his fences within 20 days after the 12th May, 1829, he thereby forfeited five dollars : and for the next eight days he forfeited five dollars more ; and both were incurred before suit brought, which was on the 12th June. The declaration seems to have been framed to meet my construction of the statute, and seems to me to be right as it is, without striking out any part of it as surplusage ; at least, it is well enough in a justice's court, where pleadings are regarded with liberality, provided they apprise the opposite party of the cause of action or defence with reasonable precision.

The main point, however, remains to be considered, to wit, whether the *plea of title* ousted the justice of jurisdiction ? This question, it is contended, has been decided by this court, in *The People* v. *Onondaga C. P.* 2 Wendell, 263. Admitting, as observed by the learned judge who delivered the opinion in that

case, that there is a difference in the phraseology between the act of 1813 and that of 1824, and assuming as true, the proposition that when a defendant puts in a plea of title " in any action wherein the title to land shall in any wise come in question, the justice is deprived of jurisdiction, the language of the act still implies that there are actions in which the title to land cannot come in question, and therefore, in all cases where such plea is interposed, the justice must decide whether the plea is appropriate to the action; if he errs, the injured party has his remedy. This view of the question does not appear to have been taken in the decision of the case referred to. Did then, or could by possibility, the title to land come in question in this case? The declaration states expressly that the lands enclosed in the defendant's fence were the lands of the defendant. The plaintiff did not claim that the public owned the road, but that the road had been encroached upon; and suppose the question of encroachment to be open, that might be determined without an investigation of title; indeed the title is immaterial, for who was the owner of the soil was a matter of no concern to the overseer, so long as there had been an encroachment; the question was, where was the boundary of the road? not who owned the land. A highway is an easement, a right of passage over the lands of individuals. If one man may obstruct the road because he owns the land, upon the same principle he may shut it up; and if every one has this right, the easement may be destroyed, and a complete non-intercourse established; but I apprehend, under this statute, the question of encroachment was not open; the only question was whether the defendant had obeyed the notice of the commissioners and the warning of the overseer. The decision of the commissioners determined the fact of encroachment. The defendant had appealed to the judges to determine what? there was no question before them but the fact of encroachment. They decided it against the defendant. The question then, whether there had been an encroachment or not, was not before the court, but simply whether the defendant had removed his fences. What had the title to do with that question?

It must be remembered that the counties on Long-Island have a road act of their own, and are not governed by the act to regulate highways applicable to the rest of the state. By the general act, a mode is pointed out by which the fact can be determined by a jury, before a justice of the peace, whether there has been an encroachment or not, 2 R. L. 277, 8, and this statute shews conclusively that the legislature did not suppose that title could come in question on an inquiry into an encroachment, or they would have directed it tried before a different tribunal. By the act relating to Long-Island, the decision of the judges upon the subject of the appeal is conclusive; it cannot therefore be overhauled in any tribunal, unless before this court, upon certiorari directed to the judges who acted upon the appeal. And in this court I apprehend we should only inquire whether the judges had acted within their jurisdiction, and whether their proceedings were regular upon the record. Under the general road act there is an appeal also to three judges, but the correctness of their decision cannot be questioned in any manner otherwise than upon certiorari. 2 Caines, 179. Considering, therefore, the fact of encroachment to have been determined by the tribunal to whom the decision of it belonged, and the only question to be whether the defendant had removed his fences within the 20 days, it will be perceived that nothing could be more foreign from the point than the defendant's title to the land within his fence. As well might a defendant, prosecuted for selling liquor without license in his store or house, plead title to the building in which he had committed the offence.

My opinion therefore is, that the justice decided correctly in rejecting the plea of title; that the declaration was sufficient and appropriate; and that the case itself was within the spirit, if not the letter of the statute. The proceedings of the justice should therefore be *affirmed*.