JOHNSON LITTLE, Administrator, etc., Appellant, *v.* ALFRED DENN, Respondent.

The question of a right of way, either public or private is a question of title to real estate which a justice of the peace has no jurisdiction to try: per JOHNSON, J.

Where the plaintiff sues before a justice for an obstruction of the highway, if the defendant desires to raise the question of title, or right of way, he should, at the time of answering, have delivered to the justice the undertaking prescribed by section 56 of the Code. Having failed to do that, he cannot afterward question the existence of the highway.

But the defendant may, by proper evidence, show the established boundaries of the highway, for the purpose of showing that the alleged obstruction was not within such boundaries. To entitle the plaintiff to recover in such action, he must prove the existence of the highway by other evidence than the mere user by the public for the term of one year.

The question of encroachment upon the highway, may be determined without involving the question of title—it may be simply a question of boundary.

THE action was brought in a justice's court by the plaintiff as commissioner of highways of the town of Baldwin, in the county of Chemung, to recover a penalty of five dollars for obstructing a highway, under 1 R. S., 521, § 202. The complaint alleged that the highway was duly laid out in the year 1852, and that after it was laid out, opened, marked, used, and traveled, the deponent, on or about the years 1856 and 1857 built a fence across it and entirely obstructed it, and that he kept up and continued such obstruction. The defendant denied each and every allegation of the complaint, and denied that any road was ever laid out or marked, and alleged that if any steps had been taken to lay out a road they were irregular and void and contrary to the statute. He also alleged, in his answer, that the road alleged by the plaintiff to have been laid out, opened and used was afterward altered by the commissioner of highways, so as to authorize the location of the defendant's fence as it was located. The defendant did not give or offer any security as required by section 56 of the Code, where title to real property comes in question in the action. Issue was joined on the 30th

of August, 1858, and the cause was tried before the justice and a jury on the 24th of September, 1858. On the trial, the plaintiff proved by one witness that there was a road running on the line between the defendant's farm and the adjoining farm, part of the way, and part of the way wholly on the defendant's farm, which was traveled by the public, and while it was so being used by the public, he was ordered by the defendant to haul logs into it, and did so, and the defendant built a fence across the road so as entirely to obstruct the travel, which obstruction still remained. On his cross-examination, the witness testified, that it had been traveled about a year before it was fenced up by the defendant, and was fenced up the next fall after it was cut open. It appeared that the road had been opened through the woods, and the defendant cleared up to it and fenced across it. The plaintiff offered no evidence that it had ever been laid out as a highway, and there was no evidence to show that it had been used by the public over one year, when it was obstructed by the defendant. When the plaintiff rested, the defendant moved for a nonsuit, on the ground that the plaintiff had not shown the existence of any highway, either by user or any act of public authority.

The motion was denied, and the defendant excepted.

The defendant then offered in evidence the order of the commissioner of highways, laying out the road in question for the purpose of showing that by the courses and distances and location, the obstruction complained of was not in any part of the highway. This was objected to by the plaintiff on the grounds: 1. That such proof raises and draws in question the title to land. 2. That the court could not try the question whether the road was or was not laid out by the commissioners, but only the question whether the road was used as a highway. 3. That the defendant had admitted the existence of the highway as alleged, by not pleading title. 4. That the evidence offered was immaterial. The justice sustained the objection and excluded the evidence, and the defendant excepted. The defendant then offered the making and filing of an order laying out said highway, for the

purpose of showing that it was a laid out highway, and not
one established by public use merely; and also for the pur-
pose of showing that it was void, for the reason that no
courses and distances were contained in it. This was objected
to for the same reason as the other, and was excluded.
The jury found a verdict in favor of the plaintiff. On
appeal by the defendant, to the county court of Chemung
county, the judgment in the justice's court was reversed.
The plaintiff thereupon appealed to the Supreme Court,
where the judgment of the county court was affirmed, and
he now brings his appeal to this court. The case here is
submitted on printed briefs and points.

*E. H. Benn,* for the appellant.

*J. Herron,* for the respondent.

JOHNSON, J. It is well settled that the question of a right
of way, either public or private, is a question of title to real
property which a justice of the peace has no jurisdiction to
try. (*Randall* v. *Crandall,* 1 Hill, 342, and cases cited.)
There is no question in respect to the jurisdiction of the
justice to try and determine the action. If the defendant
had wished to raise that question he should, at the time of
answering, have delivered to the justice the written under-
taking prescribed by section 56 of the Code. Not having
done so, he was precluded from drawing the title, or right of
way, in question in his defense. (Code, § 58.) Unless it was
made to appear by the plaintiff's own showing that the right
and title of the public to the highway was in question, it
was the duty of the justice to proceed with and render judg-
ment. The plaintiff proved that there was a road along the
line of the plaintiff's premises, and part of the way across
them, which was opened and used by the public, and that
the defendant built a fence entirely across it, so as to shut
out completely all travel. Upon the cross-examination of
the plaintiff's witness by the defendant, it appeared that the
road had only been opened and traveled about a year when
it was thus obstructed. Was this, under the circumstances,

sufficient evidence to prove that the defendant had obstructed a highway? The public were then using it as a highway, and the defendant was precluded from raising the question of right to a highway on his premises if the evidence was sufficient to establish the public right *prima facie.* The defendant had not admitted either that it was a highway, or that he had obstructed it, by omitting to deliver the undertaking. But he was not at liberty to raise any question in regard to the public right if the plaintiff gave any evidence tending to show that it was a highway. The plaintiff, undoubtedly, to entitle himself to recover, was obliged to give evidence not only of the obstruction, but that it was in a highway also. And this, it is claimed, he did, *prima facie,* when he showed that it was a road the public had used as a highway a year or more. But this did not prove that it was a highway by user, nor tend to prove it. The right by user is only made out by evidence of use and occupation twenty years or more. Nothing short of that will answer, and, as the plaintiff gave no evidence of its being a laid out highway under the statute, there was nothing to show that any public right had been encroached upon, and the plaintiff should, I think, have been nonsuited.

But conceding that the evidence was, *prima facie,* sufficient to establish some right in the public, the defendant most clearly was entitled to show in what manner it was acquired, and if it was by proceedings under the statute, to introduce the order laying out the highway in question, for the purpose of showing that the alleged obstruction was not within the bounds of the highway. That was the only purpose for which it was offered by the first offer. I do not see why the evidence was not competent for that purpose. In that view and for that purpose the order did not draw the title of the public in question but conceded it, and merely raised the question of boundary. In actions of this kind there can be no doubt, I think, that the question whether the alleged obstruction is within the bounds of the highway, is always open to proof by the defendant. It is a question which does not properly involve title, but is entirely distinct

and separate from it. It admits title and seeks only to define and fix the boundaries. This was so held in *Fleet* v. *Youngs* (7 Wend., 291, 299). The court say the question of encroachment may be determined without an investigation of the title, " the question was, where was the boundary of the road, not who owned the land." The road was shown to have been upon the defendant's land, and it would be strange indeed if he could be rightfully precluded from showing its limits and boundaries. The law is not so unreasonable as to presume that a public highway is without definite boundaries, or that it embraces an entire farm, and in a case where he cannot dispute the right to a highway, will allow the owner of the land, for his own protection, to show where the right is located by way of defense. The plaintiff might clearly have introduced the order in evidence and that would have shown where the highway was located through the defendant's land. But he preferred to resort to, and rest upon, other evidence of an inferior character. But this did not affect the rights of the defendant when he entered upon his defense. He was then entitled to show, if he could, where the highway, to which the people had an undisputed right, was, and that he had not obstructed it, but had built the fence alleged to be an obstruction on some other part of his land. This question the justice was clearly competent to try, being a question of boundary lines merely, and not one of title to land. I am of the opinion, therefore, that the judgment of the Supreme Court was right and should be affirmed.