(75 App. Div. 309.)

### TOWN OF SMITHTOWN v. ELY.

(Supreme Court, Appellate Division, Second Department. October 10, 1902.)

1. INSTRUCTIONS—FAILURE TO EXCEPT—LAW OF THE CASE.
  A charge to which no exception is taken must, on appeal, be assumed, so far as the case is concerned, to correctly state the law.

2. HIGHWAYS—PROOF OF USER.
    That a highway between two lines of fences was for generations open to public travel, and was used by the public generally, is sufficient proof of user of all portions thereof.

3. SAME—NOTICE TO REMOVE ENCROACHMENT.
    Under Laws 1890, c. 568, § 105, requiring, before action to remove an encroachment from a highway, that notice be given directing its removal within a specified time, not more than 60 days after service of the notice, notice of a reasonable length, and not of 60 days, is required.

Appeal from trial term, Suffolk county.

Action by the town of Smithtown against Caroline D. Ely. From a judgment for plaintiff, and from an order denying a motion for a new trial made on the minutes, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

W. P. Knapp, for appellant.
Rowland Miles, for respondent.

HIRSCHBERG, J. This action is brought by the commissioners of highways of the town of Smithtown, in Suffolk county, in the name of the town, pursuant to the provisions of section 105 of the

¶ 3. See Highways, vol. 25, Cent. Dig. § 426.

highway law (chapter 568, Laws 1890), to compel the defendant to remove a fence which is claimed to encroach upon the southerly side of a public highway. The highway in question was originally laid out by commissioners appointed under an act of the colonial legislature passed June 19, 1703, entitled "An Act for the Laying Out, Regulateing, Clearing and Preserving Publick Comon highways thro'-out this Colony." See chapter 131, p. 532, 1 Colonial Laws N. Y. The highway, as laid out, commenced at East Hampton, and extended westerly the entire length of Long Island, and has always been known as the "Middle Country Road." Its course was not defined by any accurate survey, but it is claimed on the plaintiff's behalf that the highway, as actually constructed and used in front of the defendant's premises, was indicated by the fence which stood upon the line of the road for very many years until 1873, in which year the old fence was removed, and a new one substituted, not upon the line, but further out into the road. The defendant claims that the new fence was placed upon the line of the old one. The verdict of the jury favors the plaintiff's contention, and, while the issue was sharply contested upon conflicting testimony, it was left to the jury to determine as a question of fact, in an excellent and impartial charge, to which no exception was taken, and it cannot be said that the conclusion reached is without sufficient support.

It is, however, contended by counsel for the appellant that the colonial act was unconstitutional and void, inasmuch as no provision was made in it for compensation to those whose land should be taken for the purposes of the highway. The argument is based upon the idea expressed in Bradshaw v. Rodgers, 20 Johns. 103, 106, to the effect that although no binding constitutional inhibition may exist, prohibiting the taking of private property for public purposes without compensation, yet such limitation of power is only "declaratory of a great and fundamental principle of government; and any law violating that principle must be deemed a nullity, as it is against natural right and justice." It might be a sufficient answer to this contention to say that no question is presented of the taking of defendant's land without compensation. The question is whether the defendant has taken a portion of the land belonging to the public. But in any view the point has no application to this action, as whatever right to compensation may have originally existed must be deemed to have been waived in the long lapse of time. Indeed, the dispute at the trial was not so much upon the question of the validity as of the identity of the road. But that a road had actually existed by the user of two centuries appears to have been conceded, and that fact would sustain the allegation of the complaint that "said highway, or so much thereof as is embraced within the limits of the town of Smithtown, has been, and still is, a lawful public highway," etc. The charge of the learned trial justice was based upon the fact of the user, rather than upon the colonial act. He said:

"It appears by the testimony, simply stated, that about two centuries ago a highway was laid out through this island. The description of that highway in 1737 is vague and indefinite, and not sufficiently clear to enable us to follow it from town to town and from village to village, and determine

intelligently and accurately just where in the olden times they intended to place its two lines. You have heard a good deal of discussion as to whether the case should not be dismissed because of the vagueness and obscurity of that description. I then stated, what I now repeat, that in those times, I assume, the surveyors followed the description; that though there are no courses in this description which would guide us, and though there were no monuments placed along the side of the highway that could be depended upon by subsequent surveyors, still, after this description had been made, the road came into existence as either a pathway, a lane, or a way, and that it was traveled over for nearly two hundred years, and had been so used for a certain width and between certain towns for a long period of time. Therefore, upon the motion to dismiss I decided, after some hesitation, that the road as it came into existence after this old description was made— what the people believed was intended to be described in the paper, and what they used as having been given to them for a highway—was for all purposes the highway about which we have been talking. That means, as you will at once see, what has been used by the people of this town from time immemorial as a highway."

No exception, as I have said, having been taken, this must be assumed, so far as this case is concerned, to be a correct statement of the law. Howard v. Ludwig, 171 N. Y. 507, 509, 64 N. E. 172.

Neither can I see any force in the appellant's claim that there was no proof of actual user by the public of that portion of the highway lying southerly of the fence as it now exists. There is, to be sure, no proof that any particular individual walked or rode upon that specific portion of the soil, but it is sufficient that the highway between the two lines of fences—the one on the north and the one on the south—was for generations open to public travel, and used by the public generally.

I find the notice given to the defendant, requiring her to remove the fence, sufficient, under the terms of the statute. Section 105 of the highway law, supra, provides that before the commencement of the action the owner or occupant of the land shall be served with a notice "specifying the extent and location of such obstruction or encroachment, and directing such owner or occupant to remove the same within a specified time, not more than sixty days after the service of the notice." It may be conceded that the notice must be a reasonable one, and it is not claimed that the notice given in this case (15 days) was unreasonable. The appellant insists that the statute requires a notice of at least 60 days, on the authority of Case v. Thompson, 6 Wend. 634. The statute under consideration in that case (2 Rev. Laws, p. 283, § 39) required that when a road was laid out the owner or occupant should have 60 days' notice to remove fences, and the controversy related to whether the same notice was required when a road was altered as when it was first laid out.

Other questions are raised which do not seem to require decision. The general principles applicable to the practice required in cases of this character appear to have been conformed to as settled in the case of James v. Sammis, 132 N. Y. 239, 30 N. E. 502.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.