THE PEOPLE, on the relation of S. C. PARKER, *vs.* ONONDAGA COMMON PLEAS.

MOTION for a mandamus. The relator was sued before a justice, by the commissioners of highways of the town of Marcellus, for obstructing a highway and a penalty of $5 claimed of him. The relator interposed a plea of title, and entered into a recognizance to appear and put in special bail in a suit to be commenced in the common pleas for the same cause of action. A suit was commenced in the common pleas for the same cause of action, in which the defendant pleaded *nil debit*. The cause was tried, and the jury found a verdict for $5 debt and six cents costs; and on the motion of the plaintiffs, the court awarded *double* costs to be paid by

*A plea of title may be put in, in a justice's court, in any action wherein the title to land in any wise comes in question; and the plaintiff succeeding in the C. P. is entitled to double costs, tho' the defendant there puts in a different plea.*

The People
v.
Seneca C. P.

the defendant.    To set aside the rule granting such costs, a mandamus was asked for.

*By the Court,* MARCY, J.    The law relative to pleading title in justice's courts, is altered by the statute of 1824. (*Statutes, 6th vol, c.* 283.)    Formerly a plea of title could be interposed only in an action for trespass on land or other real estate.    (1 *R. L.* 390.)    Now it may be " in any action wherein the title to land shall in any wise come in question,"    The defendant having put in his plea and entered into the recognizance, the justice was deprived of jurisdiction, and the plaintiffs had a right to commence their suit for the same cause of action in the common pleas, and prevailing, were entitled to double costs.    The plea of *nil debit* was bad, as the statute prescribes that the defendant in such cases shall plead only a justification by title, and might have been demurred to ; but the plaintiffs choosing to go to trial upon it, does not deprive them of their right to double costs.

Motion denied.