NEW-YORK,
May, 1831.

Parker
v.
Van Houten.

### Parker *vs.* Van Houten and others.

A road or highway, of which a survey has been filed and recorded by the commissioners of highways between 1805 and 1826, is a *public highway*, notwithstanding that the same may not have been *regularly* laid out in pursuance of the requirements of the statute.

A *plea of title* is no bar to an action by commissioners of highways for an obstruction of a highway.

Where a suit brought by commissioners of highways in a justice's court, to recover a penalty of *five dollars*, for the obstruction of a highway, was *dismissed* by the justice, in consequence of *a plea of title* being interposed by the defendant, and the suit was subsequently prosecuted in the *common pleas*, where the plaintiffs had a verdict for *five dollars* debt and *double costs* were awarded to them, on a writ of error being sued out by the defendant, the judgment was *affirmed* as to the debt, and *reversed* as to the costs, and the plaintiff in error was awarded to pay costs to the defendants in error.

Error from the Onondaga common pleas. Van Houten and two others, commissioners of highways of the town of Marcellus, sued Parker in a *justice's court*, for obstructing a highway, by the erection of a fence across it; they declared in *debt*, claiming *five dollars* as a *penalty*, given by statute, for the obstructing of a highway. The defendant pleaded *title* to the *locus in quo*, and entered into a recognizance to put in special bail, if the plaintiffs should commence a suit against him at the next court of common pleas. The justice received the plea and recognizance, countersigned the plea, and dismissed the suit. A *capias* was then issued out by the plaintiffs in the common pleas; the defendant was arrested, and put in special bail; the plaintiffs declared substantially as before the justice, and the defendant pleaded *nil debet*, and gave notice of *liberum tenementum*, and he would prove that no such highway as was alleged by the plaintiffs to have been obstructed, had ever been laid out, according to law. On the trial of the cause it appeared that the road in question was opened in 1813, by the consent of the then owner of the land, and that it had been worked as a public highway, and travelled until 1828, when the fence was built across it by the defendant. In 1821 the commissioners of highways caused a survey of the road to be filed and recorded, but there was no evidence that at the time

such record was made the road was regularly laid out by the consent of the then owner, or upon the application of freeholders.　The owner of the land through which the road was laid in 1813, purchased the land in that year, and executed a *mortgage* for the consideration money, which was forclosed in 1822, and the defendant became a purchaser under it.　It was admitted that the fee of the land over which the road passed was in the defendant.　The jury under the charge of the court, found a verdict for the plaintiffs for *five dollars* debt, and six cents costs.　On suggestion of the proceedings before the justice, and the dismissal of the suit by him, in consequence of the plea of *title* being interposed, the common pleas awarded *double costs* to the plaintiffs, and judgment was accordingly entered for *five dollars* debt, and *six cents* costs, found by the jury, and $97,74, *double costs*, awarded by the court.　The defendant sued out a writ of error.

*J. R. Lawrence*, for plaintiff in error.

*F. G. Jewett*, for defendants in error.

*By the Court*, NELSON, J.　The evidence warranted the verdict of the jury.　The commissioners of highways having in 1821 caused a survey of the road to be filed and recorded, the existence of the road as a public highway was fully established, and whatever irregularity may have happened in the laying out of the road, the acts and doings of the commissioners are confirmed by the statute on the subject of highways, 1 R. S. 520, § 98, 521, § 100, by which all roads or highways laid out by commissioners since 31st December, 1805, and prior to 14th April, 1826, are confirmed, provided such commissioners shall have caused a survey of such roads or highways to be filed and recorded in the office of the town clerk of the town.　As to the debt, therefore, the judgment below must be *affirmed* but as to the costs it must be *reversed*, the plaintiffs below not being entitled to recover costs, the penalty to which the defendant was liable, as found by the jury, being only five dollars.

The costs were awarded by the common pleas, under the impression that the plaintiffs were entitled to the same by the

provisions of the ninth section of the *fifty dollar act*, Laws of 1824, page 283, the defendant in the suit against him before the justice for the same cause of action having justified on a *plea of title*, the justice having suspended further proceedings before him, and the plaintiffs having commenced their suit in the common pleas, where they obtained a verdict. Although the language of the act of 1824 is very broad, " that in *any action* wherein the title to land shall in any wise come in question," and a plea of title is interposed, the plaintiff may commence his suit in the common pleas, and if he recover *any damages* in such suit the defendant shall be liable to pay to such plaintiff *double costs*, still the act cannot be considered as applying to a case in which a plea of title would be wholly irrelevant, and where it could not possibly constitute a defence. Such was the case here; the action was by the plaintiffs, as commissioners of highways, for an obstruction of a road; and the defendant pleaded that the *locus in quo* was his soil and freehold. Had the plaintiffs demurred to the plea, they must have had judgment; for admitting the plea to be true, it constituted no defence to the action; for though the fee of a road may be in an individual, the rights of the public in it as an easement cannot be invaded, even by the *owner of the fee,* while it is used as a public highway.

As the plaintiffs below were led into the error of commencing their suit in the common pleas by the defendant's interposing a plea of title before the justice, and as the revised statutes, vol. 2, p. 618, § 31, have vested a discretion in the court to award costs to either party, where a judgment is *reversed in part and affirmed in part,* I deem this a proper case for the exercise of that discretion ; and am therefore of opinion that the judgment below should be *reversed* as to the costs, but *affirmed* as to the debt, and that single costs be paid by the plaintiff to the defendants in error.

Judgment accordingly.