Saunders
v.
Wilson.

### SAUNDERS *vs.* A. & W. WILSON.

In an action of trespass *quare clausum fregit*, evidence that the *locus in quo* is a *private road* belonging to the defendant is inadmissible under the general issue.

ERROR from the Albany common pleas. A. & W. Wilson brought an action of trespass *quare clausum fregit* in a justice's court, against Saunders, who pleaded the *general issue.* The cause was tried and the plaintiffs obtained judgment. The defendant *appealed* to the Albany common pleas, and on the trial of the cause in that court, after the plaintiff had rested, the defendant offered to prove the *locus in quo* a *private road*, legally laid out upon his application and for his benefit, with the assent of the owner of the land, the landlord of the plaintiffs, who are the lessees of such owner ; which evidence was objected to as inadmissible under the general issue. The court sustained the objection and the defendant excepted. The plaintiffs obtained a verdict, and the defendant sued out a writ of error.

*J. V. N. Yates & A. J. Colvin,* for the plaintiff in error.

*D. Hosford,* for defendants in error.

*By the Court,* SAVAGE, C. J. The plaintiff in error, to prove that under the general issue he should have been permitted to give evidence of a *private road* having been laid over the *locus in quo,* refers to 3 *Starkie's Ev.* 1456, where it is stated that under the general issue the defendant may give in evidence any matter which contradicts the plaintiff's evidence, or shows that the act complained of is not in its own nature a trespass at common law. Thus he may show that the *locus in quo* is his own freehold, or that of another by whose authority he entered, or that he has any other right or title to the possession, &c. This is all correct, but it is not applicable to this case. In the same book cited by the plaintiff's counsel, in a subsequent page, *p.* 1462, is found the law which must govern this case ; it is as follows : " But the defendant cannot under

the general issue, except by virtue of the positive enactment of a statute, give in evidence any matter in excuse, justification or satisfaction of the alleged trespass ; or any interest short of property and right of possession, such as a right of common, or a *public or private right of way*, or a right to an easement," &c. The same rule is found in 1 *Chitty's Pl.* 492, and several authorities cited to support it, that wherever the act would be *prima facie* a trespass at common law, any matter of justification or excuse must be pleaded. The very point was decided in this court, in the case of *Babcock* v. *Lamb*, 1 *Cowen*, 238. The only difference between the two cases is, that here the defendant claims to have a *private road* through the plaintiff's premises ; in that case the defence was that the *locus in quo* was a *public road.* In respect to this question there is no difference, whether a road is public or private, the freehold remains in the owner of the soil where the road is laid. The road is but an easement ; if it is a public road, the easement is in favor of the public at large ; if it is a private road, the easement is in the person for whose accommodation the road was laid. The title or possession of the owner are not changed ; they remain in the former owner subject to the easement. Ejectment will lie for land over which there is a highway, 1 *Burr.* 145, or trespass for cutting timber or subverting the soil. That private way cannot be given in evidence under the general issue, see 7 *Mass. R.* 386 ; 5 *id.* 125. Besides, the defence offered could not be made in a justice's court. In *Heaton* v. *Ferris*, 1 *Johns. R.* 146, it was decided that a plea of a highway or a private way involved the title to lands, and entitled the plaintiff to full costs upon a verdict for six cents. And in *Striker* v. *Mott*, 6 *Wendell*, 465, it was decided that a plea of right of way in a justice's court ousts the justice of jurisdiction. Hence the defendant, to avail himself of that defence when sued in a justice's court, must plead it as title must be pleaded. See also 9 *Wendell*, 65. And in such action full costs are given, 2 *R. S.* 613, § 3, *sub.* 3.

Judgment affirmed.