WALLACE, commissioner of highways, &c. *vs.* KARLENOWEFSKI.

The general highway act, giving to commissioners of highways the power to lay out new roads through wild or unimproved lands, without the consent of the owners of the lands taken, is unconstitutional and void; because no compensation is required to be made to such owners.

THIS action was originally commenced before a justice of the peace of Steuben county, and was discontinued upon an answer of title being interposed pursuant to §§ 55, 56 and 57 of the code. The action was subsequently commenced in the county court of Steuben county for the same cause of action as the one in the justice's court, pursuant to § 60 of the code, and was brought to recover several penalties for alleged obstructions in a highway, in the town of Dannsville, in said county, under § 102, of title 1, of ch. 16, of part 1, of the revised statutes, entitled "of highways, bridges and ferries." (1 *R. S.* 521, 1*st ed. ; p.* 1050, 4*th ed.*) The defendant's answer denied each and every allegation of the complaint; and, for a second answer, alleged that the defendant was the owner of the land where the obstructions were placed, and that there was no public highway there. The action was referred to a sole referee, who found, as

Wallace *v.* Karlenowefski.

matter of fact, that the commissioners of highways of the said town of Dannsville, in 1849, laid out a road in said town, across the land in possession of the defendant, which land at the time was not improved or cultivated, and that the road was subsequently opened and traveled. That the defendant, on two several occasions, placed obstructions in said road, alleging (which allegation the referee found to be true) that he had not been paid any damages for the land so taken for the road, and claiming that the public had no right to take his land for a highway without making him compensation. The referee further found, as matter of law, that the commissioners of highways have a right to lay out and open a public highway through wild and uncultivated land without making compensation to the owner, and that the defendant had incurred two penalties of five dollars each for obstructing said road on two different occasions.

Judgment was rendered in the county court in favor of the plaintiff, in accordance with the report of the referee; from which the defendant appealed to this court.

*A. J. Abbott,* for the appellant.

*Jas. H. Stevens,* for the respondent.

*By the Court,* WELLES, J. This case involves the important and interesting question, whether commissioners of highways have the right to lay out and open public highways through wild and uncultivated lands, without making compensation to the owners of the land. The constitution of 1821 declares, that private property shall not be taken for public use without just compensation. (*Art.* 7, § 7.) The present constitution contains the same declaration, (*Art.* 1, § 6;) and the constitution of the United States a similar provision. (*Art.* 5 *of Amendments.*) The provision, however, of the constitution of the United States referred to, applies only to the taking of property by the general government, and does not affect the exercise of the right by the authority of the goverment of a state. The substance of the argument, on the part of the appellant, is, that wild and unculti-

vated land owned by an individual is *private property*, and cannot be taken for *public use*, for the purposes of a highway, without compensation to the owner. That if the highway laws provide for compensation, then there must be an assessment made, &c. before the road is opened and worked; and that, if those laws do not provide for compensation, they are unconstitutional.

This is a strong, and, for aught that I can perceive, for the most part, an unanswerable view of the question. There can be no doubt that our highway statutes authorize the laying out and opening of public roads through wild and uncultivated lands without the consent of the owners of the lands taken for such purposes, and without requiring compensation to be made to the owners of the lands so taken; and there is no law providing any means to such owners whereby compensation can be obtained. This power has been exercised and sanctioned by statutes, and, so far as I am informed, without objection, nearly ever since we have had an existence as a government. The first statute of this state giving the right, was passed May 4, 1784. (1 *Greenl. ed. of the Laws,* 105.) The second section of that law contains, among other things, an express authority to the commissioners to lay out such public highways and roads as they should judge necessary, &c., with provision for making compensation to the owners of the lands, *where the roads should be laid out through inclosed or improved lands;* and there is no provision to be found in that or any other statute for paying the owner, unless the land through which the road is to pass is inclosed or cultivated. The same provisions, substantially, have been continued in all our subsequent road acts until the present time.

The right of the state to take private property for public use, is what is termed the right of *eminent domain;* and is an inherent attribute of sovereignty in every independent state. Its existence with us has never depended upon written constitutions. Until the adoption of the constitution of 1821, there was no provision of organic law in this state restricting the exercise of the right, or coupling it with the condition of making compensation. Were it is not to be presumed that any just government would

Wallace *v.* Karlenowefski.

neglect to provide compensation in all proper cases, yet it was left to the wisdom and justice of the legislature to determine in what cases to allow and in what to refuse it. But, in the constitution of 1821, the people of the state, in their original sovereign capacity, declared that this right of *eminent domain* should be connected with the condition of making just compensation for the property taken for public use ; and such has been the fundamental law to the present time. From the time of the annexation of this condition to the right in question, every statute then in existence, or which has been since enacted, contrary to the spirit of the restriction, was necessarily inoperative and void. If the statute under which the road, in this case, was laid out and opened, and the land over which it ran thus taken and appropriated to the public use, had provided means whereby compensation could be obtained, it would have been a compliance with the constitutional provision referred to. (*Bloodgood* v. *M. and H. R. R. Co.,* 18 *Wend.* 9.) But that has not been done. On the contrary, it is apparent that the intention of the legislature was to authorize the land to be taken in such cases without compensation ; which, beyond doubt, is forbidden by the constitution. In the case just cited, Chancellor Walworth says : " The compensation must be either ascertained and paid to him before his property is thus appropiated, or an appropriate remedy must be provided, and upon an adequate fund ; whereby he may obtain such compensation through the medium of the courts of justice, if those whose duty it is to make such compensation refuse to do so."

That a right of way was all that was taken, and the fee of the land left in the appellant, is a matter of no importance. The owner was deprived of his land, at least, for a time ; the land was taken without his consent and without compensation, which, in my judgment, was forbidden by the constitution.

The judgment of the county court should be reversed.

Ordered accordingly.

[Monroe General Term, December 4, 1854. *Johnson, T. R. Strong* and *Welles,* Justices.]