Fredonia and Sinclearville Plank Road Co. *v.* Wait.

[Genesee General Term, May 17, 1858.   *Grover, Marvin* and *Davis*, Justices.]

————————•-○-•————————

## The Fredonia and Sinclearville Plank Road Company *vs.* Wait.

A justice of the peace has no jurisdiction to try a disputed title to real property.  But the question of actual possession is not a question of title, within the meaning of the prohibition in the statute.

Where a plank road company, suing in a justice's court for penalties for passing its toll-gate without paying toll, proves. itself to be a corporation, and in possession of the road, and the incurring of the penalty by the defendant, this is sufficient to entitle it to recover, without proof of its right to enter and construct the road and erect gates.

If the defendant in such an action intends to raise the question of title, he should set forth, in his answer, the matter showing that the title will come in question, and give the undertaking required by the statute.  If he fails to do so, the justice will have jurisdiction of the cause, and the defendant will be precluded, in his defense, from drawing the title in question.

Fredonia and Sinclearville Plank Road Co. *v.* Wait.

APPEAL by the defendant from a judgment of the Chautauque county court, reversing the judgment of a justice. The facts, and the legal questions arising thereon, sufficiently appear in the opinion of the court.

*E. F. Warren,* for the plaintiff.

*J. F. Smith,* for the defendant.

*By the Court,* MARVIN, J.  The object of the action was to recover several penalties for passing the gate of the plaintiff without paying tolls, under the act of 1855.  (*Laws of 1855, p.* 874, § 3.)  The plaintiff proved its organization in 1852; the construction of the plank road; the erection of the gate; and that the defendant passed it without paying toll, &c.  The defendant objected to any evidence of the plaintiff's possession or construction of the road, until the plaintiff showed, preliminarily, its right to erect the road and to establish its gates.  The objection was overruled.  It appeared, from the cross-examination of the plaintiff's witness, that the plank road was put in the old highway, which had been used near twenty years, and up to the time the plaintiff took possession of it.  When the plaintiff rested, the defendant moved for a nonsuit, on the ground that the plaintiffs, to maintain their action, must show that application was made to the board of supervisors for leave to construct their road; that they authorized it; that commissioners laid it out; that it was surveyed and survey filed; and that they must show they had acquired the right of way on the old road.  The court held that a right of way should have been shown, and nonsuited the plaintiff.

A justice of the peace has no jurisdiction when the title to real property comes in question, as provided by the *Code,* sections 55 to 62, inclusive.  The defendant may answer any matter showing that title will come in question.  (§ 55.)  He must give an undertaking.  If he does not, he is pre-

cluded, in his defense, from drawing the title in question. (§ 58.) If it appears, on the trial, from the plaintiff's own showing, that the title to real property is in question, and such title shall be disputed by the defendant, the justice shall dismiss the action. (§ 59.) The justice has no jurisdiction to try a disputed title to real property. The question of actual possession is not a question of title, within the meaning of the statute. (*Ehle* v. *Quackenboss,* 6 *Hill,* 537.) Hence, in a justice's court, the question of actual possession is often litigated. One cannot maintain an action for a trespass upon land unless he was in possession at the time the trespass was committed. He must therefore give evidence of possession, and the defendant may controvert this evidence. He may show himself or some other person in the actual possession, at the time the act complained of as a trespass was committed. But neither party can resort to evidence to prove the title of the land in him, for the purpose of showing a constructive possession, if the other party objects, and disputes the title.

In *Koon* v. *Mazuzan,* (6 *Hill,* 44,) the plaintiff was not in actual possession. He gave in evidence, without objection, a deed of the premises to himself. The defendant did not, on the trial, *dispute* the title as shown by the plaintiff, and for this reason the judgment in favor of the plaintiff was sustained.

In the present case the plaintiff proved itself a corporation, and in possession of the road. Suppose the plaintiff had offered to prove its title to the road, by proving all the proceedings required by the act to obtain the title or right to take the highway for its road ; could not the defendant have objected, and *disputed* such title ? And would not this have ousted the justice of his jurisdiction, according to section 59 of the code ? So far as title to land is concerned, the justice can only try the question of actual possession.

In this case it appeared from the cross-examination of one of the plaintiff's witnesses, that the *locus in quo* had been

Fredonia and Sinclearville Plank Road Co. *v.* Wait.

for many years a public highway, and used as such up to the time the plaintiff took possession. There is no dispute about the possession of the plaintiff at the time the acts complained of were committed. But it is said that until the plaintiff showed a right to enter and construct its road and erect its gate, it was a trespasser and the gate a nuisance. If the plaintiff had acquired no right to enter and erect its gate, such erection was undoubtedly a nuisance. But how is this question of right to be tried? Such a question undoubtedly involves title to real property, and this would have appeared upon the plaintiff's own showing, if it had attempted to introduce the evidence indicated by the defendant. And the defendant, by simply *disputing* the title, would deprive the justice of his jurisdiction.

If the defendant intended to raise the question of title, he should have set forth, in his answer, the matter showing that title would come in question, and should have given the undertaking. Not having done so, the justice had jurisdiction of the cause, and the defendant was precluded, in his defense, from drawing the title in question. If the defendant had answered that the *locus in quo* was a public highway, this would have made a question of title. (6 *Hill*, 342. 15 *Wend.* 338. 19 *id.* 373.)

The justice erred, and the judgment of the county court must be affirmed.

[GENESEE GENERAL TERM, May 17, 1858. *Grover, Marvin* and *Davis*, Justices.]