JOHNSON LITTLE, Commissioner of Highways, Appellant, *v.* ALFRED DENN, Respondent.

A right of way over a man's land affects his title, and a justice of the peace has no jurisdiction to try such a right.

The owner may interpose á plea of title, when sued by the commissioner to recover the penalty given by 1 R. S. (p. 521, § 102), for obstructing an alleged highway over his premises. The case of *Parker* v. *Van Houten* (7 Wend., 145), questioned: Per MORGAN, J.

But such an answer is a nullity in a justice's court, unless accompanied by an undertaking, as required by section 58 of the Code.

The defendant, having gone to trial in a justice's court, upon an answer containing a general denial of the complaint, and, also, a second answer denying that the *locus in quo* was a public highway — after proof, by the commissioner, that the highway in question had been opened and traveled as such for a year and over — offered evidence tending to prove that the *locus in quo* was not included in the boundaries as contained in the order filed in the clerk's office laying out the highway: *Held*, that such evidence raised a question of title, and was properly excluded by the justice.

Evidence of *user* by the public of the *locus in quo* as a public highway, although for a period less than twenty years, is *prima facie* sufficient to support the action, all other essential facts being proved: Per SMITH, J.

The defendant, not being in the *actual occupation* of the *locus in quo*, cannot overcome such evidence in a justice's court by production of his title deeds, or by proof that he is in possession of the adjacent premises: Per MORGAN, J.

APPEAL by plaintiff from the judgment of the General Term affirming the judgment of the County Court, which reversed that of the justice.

The plaintiff brought this action to recover of the defendant the penalty of five dollars, for obstructing a public highway. (1 R. S., 121, § 102.) The complaint alleged that the road was laid out along the line of the land of Richard E. and William Garrison, and from that point about one hundred rods through the defendant's land, and that it was opened and worked in 1852, and was used and traveled until the defendant shut it up, by a fence across it, in 1856 and 1857.

The defendant denied all the allegations of the complaint, and further answered that no road was ever laid out or worked as alleged in the complaint, and that if any steps

were taken to lay out a road, they were irregular and void. The defendant further answered, by saying that he would show that the alleged road was afterwards altered by the commissioners of highways so as to authorize the location of defendant's fence, which is charged as an obstruction.

The action was tried before a jury, and resulted in a verdict in favor of the plaintiff for the penalty.

The plaintiff proved the actual existence of a public traveled road, and its obstruction by the defendant; that it was traveled about a year before it was shut up by the defendant. After a motion for a nonsuit had been denied, the defendant offered to prove that the order filed in the clerk's office, laying out the highway in question, contained a description which did not include the premises fenced up by him. This offer was overruled, on the ground that it drew the title in question.

The defendant next offered to prove by the record that the description of the road did not contain the courses and distances so as to show where the road was located. This offer was overruled upon the same ground.

*E. H. Benn*, for the appellant.

*J. Herron*, for the respondent.

MORGAN, J. It is admitted, and indeed could not be denied, that the defendant was precluded from drawing the title in question upon the trial, by reason of his omission to give an undertaking with his answer. (Code, § 58.)

There is another provision of law which requires the justice to dismiss the cause, if it appears *upon the trial*, from the plaintiff's own showing, that the title to real property is in question, and such title shall be disputed by the defendant. (Code, § 59.)

Notwithstanding this provision of law, it is well settled that the justice may inquire into the title so far as the mere naked possession or occupation of land furnishes evidence of title; and, when a portion of the premises is unoccupied,

the party in occupation of the residue may produce his deed to show the extent of his possession.

The learned author of Cowen's Treatise of 1821, which is a book of the highest authority upon questions of this kind, says, that there are several stages or degrees requisite to form a complete title to lands and tenements, viz.: "*naked possession, a right of possession, a mere right, and a mere right joined with actual possession;* of these four degrees of title the lowest and most imperfect is the *mere naked possession or actual occupation* of the estate, which may happen in a variety of ways without any right of possession to or right of property in the subject of controversy." This naked possession, he says, is *prima facie* evidence of legal title in the possessor, and if the defendant means to do away with the evidence by showing the right to be in another, he must interpose his plea of title. (Cowen's Treatise, 226.) In most of the cases cited, the question arose in actions of trespass *quare clausam fregit.* To such an action the defendant might plead the general issue of not guilty, which did not necessarily raise a question of title upon the pleadings; although the plaintiff having the right, if not in possession of the lands, might be defeated in a justice's court; because he could not, upon the trial, show his title in any other way, if the defendant disputed it.

So the defendant might plead *liberum tenementum,* averring the close, soil and freehold to be in him; which is said to be a common bar, under which the defendant might show that the plaintiff had not possession at the time of the trespass, or if he had possession, yet that he had not title to the premises. (Cowen's Treatise, 493.) This was the common plea of title, so called, and was a nullity in a justice's court, unless accompanied by a bond, as required by the statute. (Id., 496.) So the defendant might plead specially that the close in which the trespass was supposed to have been committed was a public highway, and that, while passing along, as he lawfully might, he committed the act complained of in order to remove an obstruction out of his way. (Id., 492.) Such a plea necessarily involved the title to the lands over which the road

passed, and the justice could not receive it without a bond. This was settled in *Heaton* v. *Ferris* (1 Johns., 146); and in *Stryker* v. *Mott* (6 Wend., 465).

In *Saunders* v. *Wilson* (15 Wend., 338), the defendant pleaded the general issue only, and, upon the trial, was permitted by the justice to give evidence of a road having been laid out over the *locus in quo*. The Supreme Court decided he could not do this without pleading it specially, in the same way as title must be pleaded. In *Randall* v. *Crandall* (6 Hill, 342), the defendant pleaded the general issue, and gave notice that he would show that the *locus in quo* was a public highway. On the trial, after the plaintiff had proved a trespass by entering on his farm, the defendant offered to prove that the place was a public highway; but the justice rejected the evidence. The Supreme Court decided that such evidence would raise a question of title to land, which the justice could not try. The reason alleged being that a right of way over land *affects the owner's title*, within the meaning of the statute, relating to the civil jurisdiction of justices of the peace.

The case does not state whether or not the alleged highway had been opened, worked and traveled, but I should infer that it had not. The same point was decided in *Whitney* v. *Dudley* (19 Wend., 373), the question having arisen upon the trial, and the alleged road not having been opened and worked, as I infer from the language of the judge.

Without doubt the point should be considered as settled in this State, that a right of way over a man's land affects his title, and that a justice has no jurisdiction to try such a right. In most of the cases cited, the actions were in trespass by the owners of the land; and formerly, it seems, these were the only actions in which title could be pleaded. (1 N. R. L., 390, § 7; Cow. Tr., 227.) But by the Laws of 1824, page 383, § 7, the defendant was authorized to justify on a plea of title *in any action* where the title should in anywise come in question. Under this statute, it was decided in the *People* v. *Onondaga Common Pleas* (2 Wend., 263), that the defendant might interpose a plea of title in a justice's court to an

action brought by the commissioners of highways against him to recover the penalty for obstructing a highway. But in *Parker* v. *Van Houten* (7 Wend., 145), a plea of *liberum tenementum* was held to be inappropriate to such an action; for it was said, that though the fee of a road may be in an individual, the rights of the public in it, as an easement, cannot be invaded even by the owner of the fee. This decision may perhaps be regarded as somewhat in conflict with the case in 2 Wendell, and so far as it attempts to deny to the defendant the right to question the legal existence of a public highway over his own premises, when prosecuted by the commissioners of highways for obstructing it, cannot, I think, be supported. Under the present system of pleadings in justices' courts, the form of the plea is of no importance, provided it clearly points out the defendant's defense; and his defense to an action by the commissioner of highways may be special, so as to involve the title to his own land.

Some of the difficulty in the case at bar grows out of the pleadings, which are drawn up without any regard to legal form or accuracy. The statute under which this action was brought, provides that whoever shall obstruct a highway shall forfeit the sum of five dollars. (1 R. S., 521, § 102.) The action, therefore, may be against strangers as well as against the owners of the soil. It would hardly be contended that any one except the owner of the land over which the highway passed, could plead title; nor could it be tolerated that the commissioners of highways should be required, as against a stranger to the title, to prove anything more than the actual existence of a public traveled road, in order to maintain the action. But we have seen that the owner of the land over which the road passes may contest the legal existence of the road. To do so, his answer should show at least that he is such owner. In the case at bar, however, the commissioner alleged that a part of the road run through defendant's land. This averment, if material, is neutralized perhaps by the answer, which denies all the material allegations of the complaint.

It was not, however, necessary for the plaintiff to allege that the defendant owned the land; for whether he owned it or not, he is equally liable to the penalty for obstructing the road.

I am clearly of the opinion, however, that it was permissible to the defendant to put in an answer affecting the title to the *locus in quo* which would oust the justice of his jurisdiction. The mere allegation that he owned the fee, unless we are to understand by that, that he owned it without qualification or incumbrance, would not necessarily draw the title in question, for the reason stated in *Parker* v. *Van Houten* (7 Wend., 145); as he may own the land, subject to the highway in question. It should be coupled with an allegation denying the existence of the alleged highway, as was the form of the answer in *Wallace* v. *Karlenowefski* (19 Barb., 118). I think, however, a general plea of title in a justice's court would impliedly include both allegations, within the meaning of the fifty-fifth section of the Code. The allegation that he owned the land would be without signification, unless he intended to question the rights of the public to its use as a public highway. Such an allegation has been generally supposed to indicate the intention of the owner to question the legality of the highway, and, to be available, should be accompanied with the necessary undertaking.

The defendant's answer, in the case at bar, was, therefore, sufficient to raise the question of title; but it must be disregarded, because it was not accompanied by the necessary undertaking. This leaves nothing for the defendant to stand upon except his general denial.

Under this state of the pleadings, it could not be assumed in the first instance that the defendant was the general owner of the land over which the alleged highway passes.

As a public highway cannot be obstructed until it is opened as such by the commissioner of highways, I cannot conceive of a case where the owner of the land, when sued for obstructing it, can contest the title in a justice's court. He is not in the actual occupation, and can only prove his right by production of his title deeds, or by showing that he is in

possession of the adjacent premises; in which case there arises a presumption of law that he is the owner of the soil over which the road passes; and this gives him what is termed a constructive possession. (Angell on Highways, § 313; *Willoughby* v. *Jenks,* 20 Wend., 96.) This would be an attempt to show a right independent of the actual possession, which we have seen cannot be tried in a justice's court.

In the case of a commissioner suing the owner of the land for obstructing a public highway, it is the undoubted right of the defendant to question its legal existence. Such a right, however, cannot be asserted by him in any case in a justice's court. When called upon to plead, if he only intends to deny the fact that he placed the obstruction in the road, he may rely upon a general denial of the complaint. If he wishes to justify, upon the ground that he had the right to put the fence across it as owner of the land, he must allege that he is such owner; and this, I think, is sufficient to raise a question of title in a justice's court, for such an answer can mean nothing unless the defendant intends to question the public right of way over his land.

When the cause is removed into the Supreme Court upon a plea of title, the plaintiff being a commissioner of highways, may, in the first instance, prove a highway *de facto,* by the same degree of evidence that would be admissible in a justice's court for that purpose; and when he further proves that the defendant obstructed such highway, he may rest and claim a verdict. The defendant, however, may, under his plea of title, give in evidence his title deeds or show himself in possession of the adjacent land, and then rest his case. The *onus probandi* is then, I think, thrown upon the plaintiff to prove that the alleged highway has been duly laid out by the commissioner, or that it is a highway by dedication or twenty years' use. But, in a justice's court, the defendant could not be permitted to show *that he was even the owner of the fee,* not having the actual possession of the *locus in quo.*

The trial in the case at bar was not conducted, perhaps, with any particular regard to these rules. It seems to have

been assumed that the defendant owned the land, but certainly the defendant offered no evidence of his title : and we have seen that if he had, the justice could not have received it. This was the first step in the defendant's defense, if he intended to question the legality of the alleged highway; and this first step he could not take in a justice's court. This sufficiently appears from the consideration that a stranger to the title could not make the defense, for it is the *owner's title* that is called in question by the assertion of a right of way.

It is supposed by the respondent's counsel that the decision in *Parker* v. *Van Houten* is opposed to the ruling of the justice in the case at bar. But the decision itself, if it goes the length claimed for it, would deny the right of the owner of the soil to question the legality of a public highway even upon the trial of the action in the Supreme Court. It would be absurd to claim that the defendant may question the right of way over his land upon the trial, unless he could do so by his answer. The authorities are abundant which prove that the justice cannot try such a question, even by consent of the parties. The case of *Parker* v. *Van Houten*, therefore, proves too much for the defendant's case; for when the doctrine of that case is applied to the case at bar, it would deny the right of the defendant to dispute the right of way by the introduction of any evidence whatever.

Such a right, however, has been asserted in many cases. It was asserted without question in *Wallace* v. *Karlenowefski* (*supra*), and in the case of the *Trustees of Jordan* v. *Otis* (37 Barb., 50), and it rests upon fundamental principles as connected with the owner of the freehold. The case of *Fleet* v. *Youngs* ( 7 Wend., 291) was decided upon other grounds not material to the present question.

The defendant clearly lost the benefit of his position as owner of the soil by neglecting to comply with the provisions of the Code in regard to giving the requisite undertaking. If he intended to call the right of way in question, he should have given the undertaking, instead of relying upon a general denial.

The difference is a marked one between this action and an action of trespass brought by the owner of the soil. If the owner is not in the *actual possession* of the *locus in quo*, and he brings the action, he may be defeated upon the trial in a justice's court by his inability to show a right of possession, when such right is disputed by the defendant. If the plaintiff is in the actual possession of the *locus in quo*, the defendant must plead title in all cases in order to overcome the evidence of title furnished by such actual possession. If the defendant in the latter case relies for his justification upon a right of way, an answer setting up such a right of way clearly draws the title of the owner in question.

But in case of a suit by the commissioner of highways for obstructing a highway, the action itself presupposes that there is a highway *de facto;* for an obstruction could hardly be predicated of a road that had not been opened or used for travel. The owner may or may not, in such an action, draw the title in question. It is his right to do so by a proper answer, if he complies with the provision of the Code, and gives the requisite undertaking. Not having done so in this case, the justice was clearly right in rejecting all evidence whatever which in any way called in question the legal existence of the alleged highway.

The judgment of the Supreme Court, as well as the judgment of the County Court, should be reversed, and that of the justice affirmed.

SMITH, J. In the view which I take of this case, the only point of inquiry is, whether, in an action to recover the penalty given by statute for obstructing a public highway (1 R. S., 521, § 102), evidence of the fact of *user* by the public of the *locus in quo* as a highway, although for a period of time less than twenty years, is *prima facie* sufficient to support the action, all the other essential facts being proved? In my judgment it is sufficient.

If the plaintiff were required, in addition to proving actual user, to show also a perfect legal *right* to such use, in order to make out a *prima facie* case, no action of that

nature could be maintained in a justice's court against a defendant disputing such right, for the reason that it would involve the title to an easement, which is a species of real property. (6 Wend., 465; 15 id., 338; 19 id., 373; 6 Hill, 342.) It would not be necessary for the defendant to plead title and give an undertaking in order to oust the justice of jurisdiction, for it would necessarily appear from the plaintiff's own showing that the title to real property was in question. (Code, § 54, sub. 2; § 59.) Such a rule would be opposed to the uniform practice of the courts and the profession under the statute referred to, and would tend to much public inconvenience. But it is not the law.

The user by the public is analogous to actual *possession* by an individual, which is sufficient to maintain an action of trespass *quare clausum*, without proof of right. (27 Barb., 214; 8 id., 241.)

In the present case, the testimony on the part of the plaintiff showed that the obstruction complained of was placed in a road which had been traveled by the public as a highway more than six years before the time of the trial and more than a year before it was fenced up, and that while it was being so used, it was obstructed by the defendant. This was sufficient evidence of user, and the justice properly denied the motion for a nonsuit.

In answer to the case thus made by the plaintiff, resting on user alone, the defendant offered to prove, not that the *locus in quo* was not in fact used as a public highway, but that it was not a lawful highway. He thus sought to defend himself by drawing the title in question, which he was precluded from doing, although he had set up title in his answer, he not having put in an undertaking as provided by the statute. (§§ 55 to 58.) The offer was, therefore, properly rejected.

The only portion of defendant's answer which was available to him, was the denial of the complaint, and under that he could only controvert the facts upon which the plaintiff rested his case, to wit, the user and the obstruction. In respect to the former, he offered testimony which was

received; as to the latter, he offered none. The case, therefore, was resolved into a single question, whether there was a user in fact? and in respect to that question the verdict is conclusive.

The defendant's counsel insists that the plaintiff was bound to prove that the highway was duly laid out, because he alleged it in his complaint. That position cannot be maintained. It was enough that the plaintiff, keeping within his complaint, proved a good cause of action.

If the defendant had put in an undertaking with his answer, in conformity to the statute, he would have been entitled to a discontinuance of the action before the justice. His answer denied the existence of a lawful road, and the right of the public to use the *locus in quo* as a highway. It was unlike the pleas in the case of *Parker* v. *Van Houten* (7 Wend., 145), and that in *Fleet* v. *Youngs* (id., 291), cited by the court below. Those pleas merely set up a *freehold* in the defendant, without putting in issue the title to the *easement*, or the *right* of way. It results from the foregoing views that the judgment of the Supreme Court and that of the County Court should be reversed, and the judgment of the justice should be affirmed.

Judgment accordingly.