ARVY D. AVERY, Respondent, *v.* JACOB L. WOODBECK, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, JANUARY, 1872.)

Where the justice's return, on appeal to the County Court, stated that " the summons was personally served, the 20th day of May, 1870, on defendant, by W. H. Race, constable. Fees $4.25,"—*Held*, the appellate court might infer that the constable so returned.

Whether, on such an appeal, other grounds of error may be urged besides those named in the notice of appeal, or which appear from the return to have been raised below, *quere.*

APPEAL by defendant from an order of the County Court, affirming a judgment below in favor of the plaintiff.

The plaintiff, Avery, obtained a judgment against the defendant, Woodbeck, before G. W. Garrison, Esq., a justice of the peace of Greene county, for thirty-five dollars.

There was no appearance by defendant, Woodbeck, in the case before the justice.

The defendant appealed from the judgment before the justice to the County Court of Greene county, and the appeal was heard, and the judgment affirmed by the County Court.

The defendant, in his notice of appeal, assigned the following as the only grounds of error upon which this appeal is founded, viz. :

First, the said justice erroneously allowed, admitted and received immaterial, irrelevant, improper and illegal testimony and evidence offered by the plaintiff on the trial of the said alleged action. Second, that the said proceedings and judgment, and every part thereof, is against law, and against the evidence in the case. Lastly, that this appeal is taken upon

Avery v. Woodbeck.

questions of law only, and defendant claims that the said judgment should have been a judgment against the plaintiff, and in favor of the defendant, of no cause of action, with five dollars (or thereabouts) costs.   The justice made the following return :

"IN JUSTICE'S COURT.

ARVY D. AVERY *against* JACOB L. WOODBECK.

Summons issued May 16th, 1870, and returnable May 27th, at one o'clock in the afternoon, at my house in Halcott. Summons personally served, the 20th day of May, 1870, on defendant, by Wm. H. Race, constable.   Fees $4.25

1870, May 27th, at two o'clock in the afternoon, at my house in Halcott, suit called, and plaintiff appears in person. Defendant did not appear in person, or by attorney.

No question is raised on the argument of the appeal, that the judgment was not sustained by legal evidence.   The only question urged is, that jurisdiction is not shown to have been acquired by the justice."

*J. A. Griswold*, for the appellant.

*W. A. Ten Broeck*, for the respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

POTTER, J.   First. It is too well settled to admit of discussion, that, where the return of the justice shows that he had not jurisdiction, his judgment would be a nullity.   No authority can be cited to sustain this proposition.   This proposition applies to all inferior jurisdictions.   2d. Where the want of jurisdiction is made a ground of error, and notice thereof is given to the justice, calling for him to show the means by which he acquired jurisdiction, the failure in the return to show it, would doubtless be good cause to reverse his judgment.   But neither of these cases are now presented for our judgment here, but quite another, which will be hereafter stated.   3d. And it may equally well be conceded, that the

question of jurisdiction can always be raised in such proceedings, collaterally as well as directly. When attacked in a collateral proceeding, it may be sustained by other evidence, notwithstanding the omission of the record to show it; but when attacked directly, as it may be under our system of appeal, it cannot be sustained by other evidence. It must stand upon the record alone. In that case, it is made the duty of the party alleging the want of jurisdiction to state it as a ground of error in his notice of appeal, so that it may be shown by the return whether the allegation be true; were this not so, great fraud and injustice might be brought into practice; the party appealing might mislead and deceive his adversary and the justice, by a false pretence of stating errors that did not exist, and surprise the party, on appeal, by arguing, as error, a point he had not complained of, and which, perhaps, might have been met and answered, had it been stated in the notice. It does not comport with justice and fair dealing, and I think no court should tolerate a practice susceptible of being used for an unfair or dishonest purpose.

In the case before us, we are called upon to decide: First, whether the appellant, by his proceeding, has not either waived the question of jurisdiction on his part (which he had the power to do), or whether he is not estopped from raising that question by a misleading of the justice as to the particulars in which he desired him to make return. To determine this, we must look not only at the letter, but also at the spirit and intent of the statute, and the policy of the practice intended to be introduced by it.

And first of the statute: The 353d section of the Code declares that, in such case, the appellant shall, within twenty days after judgment, serve a notice of appeal, stating the grounds upon which the appeal is founded. What is the use of this provision? What was intended by it? Does it mean nothing? The language is imperative. Can the court hold, notwithstanding the positive language of this specific requirement, that it is useless; that the court can reverse for grounds not stated, as well as upon those that are? That it

is a nugatory provision? That the Supreme Court may reverse or affirm the judgment upon other grounds than those complained of, even though the complaining party has deceived and misled the justice by limiting his grounds of complaint? *Non constat* but that the justice would have returned all the facts showing complete jurisdiction, had he been requested, or had such a ground of complaint been stated in the notice. By limiting his grounds of error to specific points, he impliedly admits he has no other. It is a rule that that which is implied in a statute is as much a part of it as what is expressed. (See *United States* v. *Babbett,* 1 Black, 61; *Gelpecke* v. *City of Dubuque,* 1 Wallace, 221.) Another rule is, that whatever tends to render an act, or any part it, null or without effect, is to be rejected; so, also, of every interpretation that leads to an absurdity. So, too, it is a rule, that every expression is to be construed so as to give some meaning and effect to it; and the ancient maxim, *expressio unius est exclusio alterius,* is applicable here, as being consonant to reason. Why express in a statute language conferring the right, and giving the only manner of bringing an appeal, that the notice shall state the grounds of appeal, if the party bringing it may disregard those grounds of express requirements, and ask reversal of the judgment on other grounds? Does not the required expression exclude all other ground? If not, what is the possible use of the expression? This construction is not at all in conflict with the principle that jurisdiction can always be inquired into. It is entirely consistent with that other principle, that a party may and shall be held to waive jurisdiction by his own act, and, when so waived, he will be held estopped from inquiring into it. If the issuing of the summons did not of itself confer jurisdiction, or if the constable had failed to serve it as required by statute, still, if the party had appeared on its return and put in an answer, or had done any other act, which asserted or admitted jurisdiction, could he afterward be heard to say the justice acquired none? And this not because the justice actually had it, but because the party had done an act that waived it. Such an act he can

perform as well after judgment as before. He can as well waive a right by silence as by action. It is a maxim that he who remains silent when it is his duty to speak, shall not be heard to contradict an act performed by reason of such silence. The statute made it his duty to speak out the errors he complained of; and he should not afterward be permitted to speak again. He must speak his complaint within twenty days. His bringing his appeal and setting forth the grounds, which imply the admission of jurisdiction, is, I think, such a waiver of that objection; not only by a fair construction of the provisions of the statute, but upon authority, he is excluded from raising it. He has done a wrong by disobeying the statute, and he shall not take advantage of it.

Nor are we prevented from looking at the policy of this statute provision, or the consequences of holding the want of jurisdiction. In such a case, the policy is clear and plain, that the party claiming to be aggrieved should make known his cause of grievance ; and he was compelled specifically to state it. This imposed no hardship on him ; this was but a reasonable requirement. By this, he apprises his adversary and the justice of the precise grounds of his complaint. These grounds they were bound to regard, and to make return, so that he might have them reviewed. Nor is it any hardship on him to confine him to the points only upon which he complains. His expression of certain specific grounds, by legal construction excludes all others. No doubt, this statute was intended to simplify proceedings; its title so declares. Technicalities, as well as bad faith, should be excluded, The consequences of holding this judgment to be void for want of jurisdiction might be not only against the truth, but against the truth which might have been made to appear to this court but for a possible device of the appellant, which his notice concealed, and by which the justice was probably misled.

It is the appellant's fault that the justice did not return and show whether or not he had jurisdiction ; and he should not have the advantage of his own wrong, perhaps his own

fraud.   The return of the justice has met all the questions asked for in the notice.   It is as full and complete upon the facts of issuing and return of summons, in this case, as in the thousand cases now pending in court, and returned in a manner never before complained of, the judgment in all which cases would be void, with all the consequences resulting, if this were held void.

But let us see what is complained of.   How far may the court review, and how far may the appellant question jurisdiction?   We do not know that G. W. Garrison was a a justice of the peace, except that it is implied by his return, and by the implied admission of the appellant, by his notice of appeal directed to him as such, and also the fact that the notice does not allege this to be a ground of error.   We do not know that he issued a summons the 16th May, 1870, returnable 27th May, at one o'clock in the afternoon, at his house in Halcott, except from his return as such justice, and by the appellant's implied admission, in that no error as to this is stated in the notice of appeal ; and we only know that the summons was personally served on the 20th day of May, 1870, on the defendant, by William H. Race, constable, by the same authority ; and so only, that on the 27th day of May, at two o'clock in the afternoon, at the house of the justice in Halcott, the suit was called ; that the plaintiff appeared and the defendant did not appear.   If because in no one of these particulars complaint was made in the notice of appeal, or error alleged, are we to hold he had no jurisdiction, must the justice return his certificate of election, as well as that of the constable ?   Must he show that he lived in the town of Halcott ?   Can we any more presume these than that the constable served the summons as stated ?   All these, perhaps, might have been supplied, had the notice called for them.   And it is safer, it is more prudent, more consistent with the spirit of justice, to hold in this case that these particulars were waived, because not complained of, than to declare the judgment void because they do not appear.   It is for the appealing party to show the error, and the statute

has provided him a way to do it, which he has omitted to take.

But upon authority, besides the statutes, I think we should affirm this judgment. The notice of appeal under this statute has been held to be the substitute for the affidavit formerly used for certiorari. The courts would quash a certiorari if the ground of error did not appear in the affidavit made to obtain the certiorari, and the court would never examine the error not so set forth. (*People* v. *Suffolk Common Pleas*, 18 Wend., 551.) That statute, like this in question, required " *the ground upon which allegation of error was founded to be stated.*" (2 Sandf. S. C. R., 632.)

But this appeal statute has been directly and expressly passed upon at a General Term in the seventh judicial district, in a well considered opinion; in *Derby* v. *Hammon*, reported in 15 How., 32, etc.; in *Potter* v. *Whittaker*, also reported in 27 How., 10, at a General Term in the fourth judicial district, though it does not appear whether the like objection, as to jurisdiction, was taken in the notice of appeal in that case. It was taken on the argument, and the court held that, if there was any informality in the process, or as to the constable who served it, it lay with the party appealing to make it appear. This, of course, he could do by making it in his notice of grounds of appeal in the proper form, and obtaining a return showing the defect. The *onus* to show error is with the appealing party. It is claimed that the case of *Cole* v. *Bell* (48 Barb., 194, third district) is in conflict with the two cases last above cited; but it is not so, and is clearly distinguishable from them. The objection to jurisdiction, in that case, was for want of a government stamp on the summons. This objection was made *before the justice*, and it distinctly appeared in the return of the justice, and, as appears in the leading opinion of MILLER, J., and that of HOGEBOOM, J., the question was there whether the omission to state this objection in the notice of appeal was a waiver of the objection, *when, in fact, the objection did appear by the return* to have been taken before the justice. HOGEBOOM,

J., says that, in that district, it had been *supposed* the appellant was not limited to the grounds set forth in the notice of appeal, *provided other tenable objections distinctly appeared in the proceedings before the justice,* such, especially, as were capable of being obviated.   The dictum of MILLER, J., is not to the contrary, and INGALLS, J., who also concurred in the result, does not express an opinion as to the grounds on which he voted, and the case was decided upon other grounds than that.   So, too, the case in the sixth district, of *Forman* v. *Forman* (17 How., 255) is cited as authority for the appellant but the question of jurisdition in that case does not arise at all, nor was it decided in that case.   It is there held, only, that where the notice states only a single ground on which the appeal is founded, it confers jurisdiction on the County Court to examine *the whole case set forth in the justice's return,* to see if any error has been committed for which the judgment ought to be reversed.   It is silent as to errors *that do not appear in the return.*   It does not appear to have been necessary to refer to the question of jurisdiction at all in that case, because the ground upon which the judgment was reversed, *did appear* in the notice of appeal, and also in the justice's return.   The remark cited, at best, was *obiter.* But in *Bush* v. *Denniston* (14 How., 310), at a General Term, held by T. R. STRONG, WELLES and SMITH, JJ., they say : " We have held, that where the notice of appeal is returned, and in the case, so that we can see what the alleged errors were, we will disregard any that *were not fairly stated in the notice.*"   In *Barber* v. *Winslow* (12 Wend., 102) it is held that the statement or recital, in a record of an inferior court or tribunal, of facts constituting jurisdiction, may be received as *prima facie* evidence of such facts.

I have thus reviewed all the cases that bear directly upon the question that arises in this case, and at more length than the case would otherwise seem to require, and for the reason that the question becomes important in its consequences upon the unnumbered cases now still depending.   The weight of the authorities cited, independently of the statute, is in favor

Avery v. Woodbeck.

of the construction I have tried to give it. Three of them are cases in which the point has been directly passed upon; and others too—one in the third, and the one in the sixth district—were not decided upon the point presented here ; and in all that is said in them, claimed to be in conflict, the remarks were *obiter*. It is important that this question should be settled in this or in the highest court. My conclusion is, therefore, that the judgment of the County Court should be affirmed with costs.

MILLER, P. J. I do not concur with the views expressed in the foregoing opinion as to the construction to be placed upon section 353 of the Code ; and upon authority and principle I think that other grounds, besides those named in the notice of appeal, can be urged upon the argument of the appeal. I am inclined to think, however, that the judgment can be upheld upon the authority of *Potter* v. *Whittaker* (27 How., 10), which holds that, when the return by fair intendment shows that all jurisdictional steps necessary to the validity of the judgment were taken, &c., no presumption of error will be indulged against its regularity. The return in the case cited and the one at bar, are very much alike, and upon this authority I am inclined to affirm the judgment.

PARKER, J. I concur in the affirmance of the judgment, upon the ground stated by Judge MILLER.

The statement by the justice in his return, that the summons was " personally served the 20th day of May, 1870, on defendant, by William H. Race, constable ; fees, $4.25," contains facts from which the appellate court may fairly infer that so the constable returned. No doubt a jurisdictional fact may be inferred from other facts, and the reasonable intendment in this case is, that the justice derived his knowledge of the facts so stated by him in the ordinary and legitimate way.

Judgment affirmed.