SMITH SAUNDERS, COMMISSIONER OF HIGHWAYS, ETC., RESPOND-
ENT, v. JULIUS A. TOWNSEND, APPELLANT.

*Highway — action for obstructing it — what facts the defendant may controvert —
Cul de sac may be a highway — appeal from a justice's judgment — the errors must
be specified in the notice of appeal — Code, sec. 353.*

Where, in an action before a justice of the peace to recover the statutory penalty
   for the obstruction of a highway, the defendant denies the existence of the
   alleged highway, and claims to own the land where the obstruction was placed,
   but fails to offer any bond when pleading his title thereto, he can only contest
   the fact that the land was used as a highway and the fact of the obstruction.
A *cul de sac* may be a highway.
A judgment of a Justice's Court cannot be reversed on an appeal taken under
   section 353 of the Code of Procedure for an error in the admission of evidence
   not specified in the notice of appeal.

APPEAL from judgment of the St. Lawrence County Court, affirm-
ing the judgment of a justice of the peace.

*John C. Keeler*, for the appellant.

*J. C. Saunders*, for the respondent.

RUMSEY, J.:

The action was brought by plaintiff, as commissioner of high-
ways of the town of Lawrence, to recover of the defendant the
statutory penalty for obstructing a highway in that town.

But one question is raised here by the appellant which we can
consider. He insists that it was not shown that the place where
the obstructions were placed was a public highway.

The alleged highway led from a public highway to a mill pond.
The evidence of the plaintiff tended to show that it had been used
as a highway for over twenty years, and that it had been worked
under the direction of the overseer of highways within six years
before the suit.

Upon both of these points the evidence was contradictory and the
justice found for the plaintiff.

As no bond was offered when the plea of title was interposed,
that question did not arise in the case, and the only defense availa-
ble to the defendant under the evidence given is the general denial,
and under that he could controvert the user as a highway and the

fact of the obstruction. (*Little* v *Denn,* 34 N. Y., 452, 461.) The plaintiff's evidence was sufficient to establish its use as a highway for the purposes of this action. (*Little* v. *Denn, supra.*) It was a question of fact for the justice (*McCarthy* v. *L. S. and M. S. Ry. Co.,* 76 N. Y., 592), and we see no reason to interfere with his decision.

That the *locus in quo* was a *cul de sac* did not prevent its being a highway. (*People* v. *Kingman,* 24 N. Y., 559, and cases cited.)

The error in the rejection of evidence insisted on by appellant cannot be considered. It is not specified in the notice of appeal. The Code of Procedure under which this appeal is taken required the grounds upon which the appeal is founded to be stated in the notice of appeal (sec. 353), and a judgment could not be reversed for an error not stated. (*Avery* v. *Woodbeck,* 5 Lans., 498.)

No other grounds for reversal than those considered above are urged here, and they are not sufficient to reverse the judgment.

Judgment of County Court affirmed, with costs.

OSBORN, J., concurred.

LEARNED, P. J.:

"Without saying that the objection to evidence could not be raised on this appeal, I think it could not be sustained, and concur."

Judgment affirmed, with costs.