(72 Misc. Rep. 395.)

## CAMPBELL v. RODGERS.

(Supreme Court, Appellate Term.  June 29, 1911.)

COURTS (§ 163*)—MUNICIPAL COURT—JURISDICTION—TITLE TO REAL ESTATE.
   The clause of the contract sued on, providing for an annual payment of $600 by defendant for being permitted to dredge and use a channel across plaintiff's land, that said payments are conditional on the right of plaintiff to grant or withhold the privilege of dredging said channel, puts in issue plaintiff's title to the bed of the channel, or to easements connected therewith, and makes his right to enforce the payments dependent on such title, so that Municipal Court Act (Laws 1902, c. 580) § 184, providing that if it appears at the trial, from plaintiff's showing, that the title to real estate is in question, and the title is disputed by defendant, such court must dismiss the complaint, is applicable, and this, though as to a single year, prior to that sued for, there was a compromise, on a dispute as to the title, on the amount to be paid.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 410, 411; Dec. Dig. § 163.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by John H. Campbell against John C. Rodgers.  From a judgment for plaintiff, defendant appeals.  Reversed and dismissed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Wait & Foster, for appellant.

Arthur J. Carleton, for respondent.

GUY, J.  Appeal from judgment in favor of plaintiff for $352.86. This action was brought by the plaintiff against the defendant to recover an installment of $300, being payments due for the period beginning January 1, 1910, to July 1, 1910, pursuant to a written agreement whereby it was provided that the defendant be permitted to dredge a channel across the plaintiff's land, and that thereafter he be allowed to run his boats through said channel, for which privilege the defendant agreed to pay the plaintiff $600 a year, for three years, in two equal installments, on the 1st of January and the 1st of July of each year.  The agreement also provided:

   "It being understood that the terms for said payments are made conditional on the right of the party of the first part [this plaintiff] to grant or withhold the privilege of dredging the said channel as indicated."

This clause clearly puts in issue plaintiff's title to the bed of the stream, or to easements connected therewith, and makes his right to enforce the payments under the contract dependent upon such title.  See Little v. Denn, 34 N. Y. 452.  Section 184 of the Municipal Court act (Laws 1902, c. 580) provides:

   "If, however, it appears upon the trial from the plaintiff's own showing that the title to real property is in question, and the title is disputed by the defendant, the [municipal] court must dismiss the complaint and render judgment against the plaintiff accordingly."

Plaintiff seeks to avoid this by proving that subsequent to the making of the agreement there was a dispute as to his title, and a readjustment of the amount to be paid to $300 per year; but it ap-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pears from plaintiff's testimony that this compromise only related to the payment for one year, and plaintiff is now demanding the full amount under his contract.

The court below, therefore, having no jurisdiction of the subject-matter, the judgment must be reversed, and the complaint dismissed, with costs in this court and in the court below. All concur.