HON. ROBERT M. HALLMAN Deputy Commissioner/Counsel, Department of Environmental Conservation
I acknowledge receipt of your request for an opinion. You state that the Town of Morehouse in Hamilton County abandoned approximately two miles of a highway and conveyed the fee to an individual who has closed and barricaded the highway; the abandoned portion of the highway was a part of a highway authorized by Chapter 65 of the Laws of 1845, which appointed commissioners to lay out a road four rods wide from the south line of Lot 11 of the "Maxwell Tract" in the Town of Morehouse in the County of Hamilton, southerly, into and through a part of Herkimer County, to intersect a road which led from the Town of Salisbury in that county to the Village of Little Falls in that county; the portion of the highway which was abandoned runs in a generally northerly direction in Hamilton County through Lots 1 and 12 of the "Caldwell and Others Tract" from a point where the highway crosses the Hamilton-Herkimer County boundary line to a point where the abandoned highway crosses the northern boundary of the above-mentioned Lot 12; that the State of New York owns forest lands, access to which from the south would be over the abandoned highway; that the part of the highway lying in Herkimer County is still used as a public highway as far north as the Hamilton-Herkimer County line, as is a part of the highway in Hamilton County north of the abandoned portion.
You ask my opinion as to the effect of the abandonment upon the right of the public to use the abandoned portion of the highway to gain access to the State lands. I note from maps of the area, which you submitted with a file accompanying your letter, that other access to the State land by public highway is possible, although inconvenient. We return that file herewith.
This opinion relates only to the question of the right of the public to use the abandoned highway to reach State land. I do not comment upon the rights of the grantee from the town, the respective rights of the grantee and the adjoining owners, lapse of time, color of title and/or other matters.
The highway which was laid out pursuant to the authority of Chapter 65 of the Laws of 1845, was, in my opinion, a town highway in each town through which it passed. Many other town roads were created by special act in that era even though the Revised Statutes did provide authorization for towns to lay out highways and, upon agreement by highway commissioners of two or more towns, to lay out highways passing through those towns. Special acts were passed, apparently to provide for the public convenience when highway commissioners of adjoining towns could not agree or some other legal impediment existed. In this connection, I note that the 1845 act provided a different method of financing the cost of construction of the highway than was provided in the Revised Statutes relating to the cost of laying out and constructing highways. Under section 4 of the 1845 act, the commissioners named in the act were to "assess for two years upon all lands within four miles on each side of said road, in proportion to their value and proximity thereto, the sum of one hundred dollars for every mile in length of said road, upon the respective towns lying within the four miles as aforesaid, in each year, which shall be levied and collected as other taxes; and when socollected [sic], shall be paid over to the supervisors of said towns as aforesaid, subject to the order of said commissioners, to be expended by them in making said road." Thereafter, the highway was maintained by the town highway commissioners as other roads under the provisions of Revised Statutes, First Part, Article 4, Title 1, Chapter 16. During that era there seems to have been no general statutory provision for state or county roads and highways; only for town, village and city streets, roads and highways. The Revised Statutes in effect in 1845 and as subsequently amended have been re-enacted and are now a part of the Highway Law, particularly Articles 7 and 8 thereof. At least as early as 1908, highways in this State were classified. Chapter 330 of the Laws of 1908, the Highway Law, contained such classifications in section 3, as follows:
 "§ 3. Classification of highways. — Highways, the construction, improvement or maintenance of which is provided for in this chapter, are hereby divided into three classes:
 "1. State highways are those constructed or improved under this chapter at the sole expense of the state, including those highways specified and described in section one hundred and twenty of this chapter.
 "2. County highways are those heretofore or hereafter constructed or improved at the joint expense of state, county and town, as provided by law, except those highways specified and described in section one hundred and twenty of this chapter.
 "3. Town highways are those constructed, improved or maintained by the town with the aid of the state, under the provisions of this chapter, including all highways in towns, outside of incorporated villages constituting separate road districts, which do not belong to either of the two proceeding classes."
The present Highway Law § 3 has not changed the classification of what is a town highway, so that in any event, from 1908 onwards, the subject highway was a town highway.
As this was a town highway in 1967, the Town of Morehouse had the right, in 1967, to abandon a portion of it if the conditions contained in the statute authorizing abandonment existed. If the procedural provisions contained in the statute then in effect were followed by the town board, that portion of the highway has been abandoned. From the digest of the proceedings of the town board contained in your file, it appears that the conditions existed and the prescribed steps were taken by the town so that the abandonment was legally consummated, but if there is a question concerning this it can be resolved only by a Court of competent jurisdiction, not by an opinion of the Attorney General.
A highway created by a special act, such as Chapter 65 of the Laws of 1845, or created under the provisions of the Revised Statutes, hereinabove mentioned, did not vest the fee title of the highway in the town. It created an easement, only. (Parker
v. VanHouten, et al., 7 Wendell, 145 [1831].) Ownership of the underlying title remained with the adjoining titleholders. Thus, upon abandonment of the highway, the easement was extinguished and the town had no title to convey. As the easement was extinguished, the public has no right to use the abandoned highway without permission of the owners of the underlying title.
In my opinion, assuming the validity of the abandonment proceedings, the public has no right to pass over the abandoned portion of the highway to reach State lands unless given permission by the owner of the land over which the abandoned highway passed.
It might be noted in passing that commencing with the effective date of Chapter 203 of the Laws of 1976, the abandonment of a town highway which is an access road to State forest preserve lands or certain lands under the jurisdiction of the Department of Environmental Conservation is required to be accomplished only after notice to the Department of Environmental Conservation, the abandonment is only a qualified abandonment and a public easement over the road must be continued.