CHAPMAN and others, commissioners of highways of the town of Big Flatts, vs. GATES.

Where R., the owner of land adjoining a highway, had acquiesced in the use of the highway as such, by the people, about fifteen years, when he sold the land to the defendant, who purchased with knowledge of all the facts, and as overseer of highways, had not only worked the road, as a public highway, but consented to the expenditure of $200 by the town, upon it, before he purchased the land; · Held that he no right, afterwards, to obstruct the highway and prevent public travel upon it, on the ground that the damages occasioned by the laying out and opening of the same had not been legally assessed.

Held, also, that these circumstances amounted to a waiver, by the owners of the land, of the right to have their damages assessed before the highway should be opened, or worked, or used.

And that the prohibition, revived by the act of December 14, 1847, (Laws. of 1847, vol. 2, p. 588, § 22,) against the opening, working, or using of a highway, before the damages sustained by the owners of the land through which it is laid out, are assessed, did not justify the defendant in obstructing the highway; and that he was estopped by the facts and circumstances from shutting it up; the highway having been opened and worked and used when there was no such prohibition.

If the owner of land taken for a highway has a right to damages, it is the duty of the commissioners of highways to apply to the county court for the appointment of commissioners to assess such damages. And if they refuse to discharge that duty, they may be compelled to perform it, by mandamus. The owner of the land can not obstruct the highway, and prevent the public from traveling it until his damages are assessed.

In an action by commissioners of highways, to recover penalties for obstructing a highway, it is unnecessary for the plaintiffs to show that all the preliminary steps to the laying out of the road were taken. They are not bound to produce any record of the highway; but are entitled to recover, upon proof that the highway has been worked and used by the people as a public highway, and regarded as such, for fifteen years before the defendant obstructed it.

ACTION to recover penalties of the defendant for obstructing a highway in the town of Big Flatts, in the county of Chemung.

The action was commenced before a justice of the peace of Chemung county, where it was dismissed, by reason of the defendant denying the existence of the alleged highway and setting up as a defense that he was the owner in fee of the land where it was alleged the highway was. The plain-

tiffs afterwards commenced the action, for the same causes, in this court, and the defendant interposed the same defenses he had set up before the justice of the peace. The action was tried at the Chemung circuit, in November, 1862, when, by direction of the judge, the jury rendered a verdict in favor the plaintiffs for $25. The defendant made a case, containing exceptions taken by his counsel on the trial, and made a motion thereon for a new trial, at the Chemung special term, in September, 1864, which was denied *pro forma,* as the order states, in order that the questions involved might be presented to the general term.

The defendant now moves, at the general term of this court on his case and exceptions, for a new trial.

*G. L. Smith,* for the plaintiffs.

*James L. Woods,* for the defendant.

*By the Court,* BALCOM, J. No question has been raised touching the regularity of the defendant's proceedings since the trial, and I shall assume that the defendant has duly appealed from the order of the special term denying his motion for a new trial, and that the questions in the case and exceptions are properly before the general term.

The highway in question was laid out by three of the judges of the court of common pleas of Chemung county, on the 15th day of May, 1845 ; and I am of the opinion the evidence shows it was regularly and legally laid out, and that no objection to any portion of the evidence offered to establish the existence of the highway was well taken.

The defendant obstructed the highway at least five times in May and June, 1862, and, if the plaintiffs were entitled to recover, the defendant was liable for five penalties of $5 each, (1 R. S. 521, § 102,) which the plaintiffs recovered.

The highway was laid out across lands occupied by two persons in severalty. Damages sustained by reason of the

laying out and opening of the highway were assessed or awarded to such two persons, jointly, in April, 1846. Those persons were Samuel Boyer and James Hughson; and I think the presumption from the case is that they received such damages. Boyer testified that the one hundred dollars damages, or a portion of it, was paid to him; and no question was made at the trial that the other portion of such damages had not been paid to Hughson. The highway was opened soon after such damages were assessed, to Boyer and Hughson and with their consent; and it was worked and traveled as a public highway, with their knowledge and consent, and without objection from any person, until May, 1862, or until about that time. The defendant was one of the commissioners of highways of the town of Big Flatts in 1858 or 1859, and in one of those years the commisssioners expended $200 on the highway in question, to protect it. The defendant was consulted by the other commissioners in reference to that expenditure, and he made no objection to it; and he did not then claim that the highway was illegally laid out, or that it was not a public highway, or that the damages sustained by the owners of the land, by reason of the laying out and opening of the highway, had not been assessed. The defendant was overseer of highways in the district where the highway in question is situated, in 1861, and worked it and repaired it as a public highway, in that year. The defendant testified in his own behalf as follows: "I now own and occupy the lands on both sides of this disputed road, and the land on which it is situated—have owned and had possession of the land on the west side of it some fifteen years, and that on the east of it a year or two. The work on this road done by me as overseer, was done before I bought the land on which it is located. The road is on the strip conveyed to me by the deed from Reynolds. As commissioner, I, with the other commissioners, said what should be done at the times stated. I then had no suspicion but that the town claimed it as a road, but afterwards the commissioners came

to the conclusion it was not a road, and they went to the town board and they said it was not a road ; and upon that I purchased it of Reynolds, and since my deed I have claimed to own the strip, &c. I had before refused to buy it of him, on account of the road. The commissioners were Chapman and Williams. I think the conversation with them was a year ago last December." The defendant was contradicted by Chapman, in regard to what he testified the commissioners concluded upon and said as to there being no road, &c.

It appeared that Boyer occupied the west part of the land, where the highway is, at the time it was laid out, and Hughson the east part. Boyer occupied by permission of Joseph Heckart. Joseph Heckart and several other persons, heirs of Peter Heckart, deceased, then owned as tenants in common, the land that Boyer occupied ; and the evidence fails to establish that any damages were ever assessed to or for such owners by reason of the laying out and opening of the highway. They conveyed the land to Nathan Reynolds of Elmira, by a deed dated the 17th day of October, 1853 ; and Reynolds conveyed the land to the defendant, by a deed dated the 20th day of February, 1862.

The defendant's counsel excepted to the direction of the judge to the jury to render a verdict in favor of the plaintiffs for $25 ; and he now claims that such direction was erroneous, for the reason, among others, that the damages by reason of the laying out and opening of the highway, sustained by the owners of the land that Boyer occupied when the highway was laid out, have never been assessed.

The evidence does not show that the damages sustained by the owners of the land by reason of the laying out and opening of this highway have been legally assessed. It shows that damages were assessed to the occupants of the land by a jury, under the Revised Statutes, on the 4th day of April, 1846, which was after chapter 180 of the Laws of 1845 took effect. As the law was in 1846, such damages should have been assessed to the owners of the land, by a commissioner

of highways and two assessors of the town of Big Flatts. (*Laws of* 1845, *p.* 184, § 5.)

But the highway is yet in existence, for the reason that it was opened and worked, soon after it was laid out, by the consent of the persons who then had the actual possession of the land through which it was laid out, and it was so opened and worked within the six years mentioned in the statute, requiring that all highways must be opened and worked within that time after they are laid out. (1 *R. S.* 520, § 99. *Laws of* 1861, *p.* 709. *Marble* v. *Whitney*, 28 *N. Y. Rep.* 297.) And there was no prohibition, between the first day of July, 1845, and the third day of January, 1848, against opening or working or using a highway before the damages sustained by reason of the laying out and opening of the same were agreed upon, released or assessed. Section 5 of the act of 1845, which took effect on the first day of July in that year, was plainly inconsistent with section 64 in the Revised Statutes that contained such a proposition ; (1 *R. S.* 515, § 64 ;) and that section of the Revised Statutes was repealed by section 36 of the act of 1845. (*Laws of* 1845, *p.* 184, § 5. *Id. p.* 190, § 36.) The prohibition that was in the Revised Statutes was not revived until the act of December 14, 1847, was passed, which took effect on the 3d day of January, 1848. (*Laws of* 1847, *vol.* 2, *p* 588, § 22.)

The defendant purchased the land of Reynolds with full knowledge of all the facts. The Heckart heirs and Reynolds had acquiesced in the use of the highway by the people about fifteen years, and the defendant, as an officer of the town of Big Flatts, not only worked the road as a public highway, but consented to the expenditure of $200 by the town upon it before he purchased the land on which it exists ; and he knew that if the commissioners of highways of the town had previously come to the conclusion that it was not a highway, and had so stated, their conclusion and statement were of no validity whatever, and did not authorize any person to shut it up, or to prevent the inhabitants of the town from traveling

it ; and the question is presented, whether he had the right, notwithstanding these circumstances, to obstruct the highway and prevent the people traveling it, on the ground that the damages sustained by reason of the laying out and opening of the same had not been legally assessed. I am of the opinion he had not that right. There was no statutory prohibition against opening, working or using the highway before the assessment of the damages, when it was first opened, worked and used by the consent of the occupants of the land. And the Heckart heirs and Reynolds slept on their rights too long, and the defendant had done too much on the road, and had recognized it as a public highway too unequivocally, and the people of the town had been permitted to use it, and to fix their residences and make purchases of property too many years, with reference to its being a public highway, to justify the defendant in obstructing it, and thus preventing intercourse between persons to whom it had become necessary for intercourse and the transaction of business.

I think the right of the owners of the land to have their damages assessed before the highway should be opened, or worked, or used, was waived by reason of the facts and circumstances referred to. And I am of the opinion the prohibition, revived by the act of 1847, (*supra*,) against the opening, or working, or using of the highway before the damages sustained by the owners of the land through which it is laid out are assessed, did not justify the defendant in obstructing this highway ; and that he is estopped by the facts and circumstances from shutting it up.

The highway was lawfully opened and worked and used when there was no such prohibition. (*See* 28 *N. Y. Rep.* 297 ; 1 *Seld.* 568 ; *Case* v. *Thompson*, 6 *Wend.* 634 ; 18 *id.* 9.) The legislature has the right, under the constitution, to provide for taking private property for public purposes, for a just compensation to the owner, without requiring that such compensation shall be ascertained or paid, prior to the entry upon or occupation of the property by the public. It

is sufficient if the legislature makes provision for compensation to the owner. (*Smith* v. *Helmer*, 7 *Barb.* 416. 9 *id.* 449. *Angell on Highways*, § 112, *and note* 4 *on page* 89.) The compensation to the owner may be made after the property has been taken, and while it is being used by the public. (*See authorities, supra.*)

If the defendant has a right to damages, for the laying out and opening of the highway in question, it is the duty of the commissioners of highways of the town to apply to the Chemung county court for the appointment of commissioners to assess such damages. (*Laws of* 1847, *vol.* 2, *p.* 581, § 5.) If they should refuse to discharge that duty the defendant could compel them to do it by mandamus.

It is proper I should say we do not determine whether the defendant is in a situation to entitle him to damages for the laying out and opening of this highway. We only hold that if he is entitled to such damages, he can not obstruct the highway and prevent the people from traveling it, until his damages are assessed. It is barely possible that damages were assessed to the Heckart heirs while they owned the land.

The conclusion that the defendant can not obstruct this highway, though the damages caused by opening and working it have not been assessed or paid, works no injustice to the defendant; for, as has been seen, he can obtain damages if he is entitled to any. But a contrary conclusion might occasion great inconvenience, especially to persons who desire to travel the highway.

The decision in *Sage* v. *Barnes*, (9 *John.* 365,) settles the question that it was unnecessary for the plaintiffs to show all the preliminary steps to the laying out of this road; and it was enough for them to show the record thereof, and that it was opened and used as a public highway. And I will go further, and say I think the plaintiffs were not bound to produce any record of the highway; and that they were entitled to recover penalties for the obstructions, upon the evidence that the highway had been worked and used by the people as

a public highway and regarded as such for fifteen years before the defendant obstructed it. If this conclusion be correct the defense, if valid, that the highway was not regularly laid out, and that the damages sustained by reason of the laying out and opening of the same had not been legally assessed, was for the defendant to establish. These views are consistent with the decisions in *Parker* v. *Van Houten* and *Fleet* v. *Youngs*, (7 *Wend.* 145 *and* 291.)

My conclusion is that the order of the special term, denying the defendant's motion for a new trial, should be affirmed with costs, and that his motion for a new trial should be denied with costs; and that the plaintiffs are entitled to a judgment in their favor, on the verdict, with costs.

So decided.