# Cases

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## December, 1888.

---

IN THE MATTER OF THE APPLICATION OF CATHARINE STACK FOR THE APPOINTMENT OF COMMISSIONERS TO ASCERTAIN AND DETERMINE THE AMOUNT OF DAMAGES SUSTAINED BY THE APPLICANT, AS OWNER OF CERTAIN REAL ESTATE AND BUILDINGS IN THE VILLAGE OF PORT CHESTER.

*Change of grade of a street in an incorporated village by a railroad company, by permission of the village authorities — an adjoining owner is entitled to recover damages for the injuries sustained under section 1 of chapter 113 of 1883.*

The New York, New Haven and Hartford Railroad, having built its road through the village of Port Chester before that village was incorporated, and being desirous of laying two additional tracks across Westchester avenue, in the village of Port Chester, after it had been incorporated, and of changing the grade of the said avenue, so as to carry the avenue under the grade of said additional tracks, obtained the consent of the board of trustees of said village for such purpose, and thereafter changed the grade of the avenue, the village taking no part in making, superintending or directing said change.

*Held*, that the authority to change the grade given by the village to the New York, New Haven and Hartford Railroad was such an act that the petitioner was entitled to claim her damages as if the village had itself directly made the changes and was entitled to have commissioners appointed to ascertain and determine the amount of damages sustained thereby, as provided by section 1 of chapter 113 of 1883 relating to alterations of highways, streets or bridges in incorporated villages.

That without the order of the village the act of the railroad would have been a trespass, and the company would have been liable for all damages sustained by the petitioner.

*Uline* v. *The New York Central and Hudson River Railroad Company* (101 N. Y., 98) followed.

APPEAL from an order made on July 14, 1888, and entered in the office of the clerk of Westchester county, on July 21, 1888, appointing commissioners to ascertain and determine the amount of damage sustained by Catharine Stack by reason of the change of grade of Westchester avenue, in the village of Port Chester.

The New York, New Haven and Hartford Railroad Company (originally incorporated under chapter 195 of 1846 as the New York and New Haven Railroad), being desirous of laying two additional tracks across Westchester avenue, in the village of Port Chester, and of changing the grade of said avenue so as to carry said avenue under the grade of said additional tracks, obtained the consent of the board of trustees of said village for such purposes. The grade of the avenue was changed by the company; the village took no part in making, superintending or directing said change.

On the 14th of July, 1888, application was made to the Supreme Court, under the provisions of chapter 113 of 1883, upon notice to the village, but without notice to the company, for the appointment of commissioners to ascertain and determine the amount of damage ·sustained by the petitioner, whose house stands on lands adjoining the highway, by the change in the grade, to which application the village made these objections: " 1st. That the change of grade of Westchester avenue was not done by said village, but by the New York, New Haven and Hartford Railroad Company, and, therefore, the act of 1883 confers no power upon the court to appoint said commissioners." " 2d. That said company had competent authority to make the change of grade of said avenue, but had no notice of this application."

The court thereupon made an order overruling the said objections and appointing said commissioners, from which order this appeal herein is taken. Sections 1 and 3 of this act, chapter 113 of 1883, provides:

SECTION 1. Whenever the grade of any street, highway or bridge in any incorporated village in this State shall be changed or altered so as to interfere in any manner with any building or buildings situate thereon, or adjacent thereto, or the use thereof, or shall injure or damage the real property adjoining such highway so changed or altered, the owner or owners of such buildings or real estate may apply to the Supreme Court in ·the judicial district in which such property is situated, for the appointment of three com-

missioners to ascertain and determine the amount of damage sustained thereby, due notice of such application shall be given to the person or persons having competent authority to make such change or alteration.

§ 3. All damages ascertained and determined under the provisions of this act, together with the costs of such proceedings, shall be a charge upon the village, town or other municipality chargeable with the maintenance of the street, highway or bridge so altered or changed.

*Close & Robertson*, for the Village of Port Chester, appellant.

*Martin J. Keogh*, for the petitioner, respondent.

BARNARD, P. J.:

According to the general rule of legislation the village of Port Chester has the exclusive supervision and control of the streets and highways within the corporate limits. (Laws of 1868, chap. 818, tit. 5, § 1.)

The New York and New Haven Railroad was permitted to lay its tracks in this State by chapter 195, Laws of 1846. The village of Port Chester was not then incorporated, and the railroad company was subjected to the obligation to restore a highway, cut or intersected. The road was built before the village existed, and, once built, the power to change the grade in the village ceased without the consent of the village authorities. This follows from the grant of the exclusive power over the highways by the charter. The grant was subject to the prior grant to the New York and New Haven Railroad Company. The railroad company applied to the village to change the grade of one of its streets. Permission was granted, and such change of grade was made as injured the petitioner's abutting property. Until the passage of chapter 113, Laws of 1883, such change of grade was legal and did not involve an action for damages at the instance of the land-owner. By this act, in villages damages were given to abutting owners where the municipality changed the grade. Under this act the petitioner asks for a commission, according to its terms, to assess her damages, and the sole question raised is whether the authority to change the grade given to the New Haven Railroad was such an act that the petitioner can

claim her damages as if the village had directly made the change itself. There seems to be no reason why the, provisions of the act do not apply to the plaintiff's case. She is an abutting owner; she is injured by a change of grade; the change of grade was permitted by the village; it was ordered because "public safety makes it desirable." The fact that the railroad company paid the expense and did the work in accordance with the plan has no relevancy as to the petitioner. The village method of changing the grade was followed out and the petitioner was thereby injured. Without the order of the village the act would have been a trespass and the railroad company responsible for all damages done. (*Uline* v. *The New York Central, etc., R. R.*, 101 N. Y., 98.) With the consent of the trustees the company are not liable. (Same case.)

The order appealed from should be affirmed with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order affirmed with costs and disbursements.