### In re CHURCH OF OUR LADY OF MERCY.

*(Supreme Court, General Term, Second Department.  July 18, 1890.)*

**1. MUNICIPAL CORPORATIONS—CHANGING GRADE OF STREETS—ABUTTERS.**
Under Laws N. Y. 1883, c. 113, providing that villages shall be liable to property owners for damages occasioned by changing the grade of the streets, the liability of the village is the same, whether the existing grade was established by formal proceedings or only by general use.

**2. SAME—CONSTRUCTION OF LAWS.**
The act of 1883 is applicable to a village, though it is inconsistent with the local village charter previously enacted, and the village is liable in damages for the injury caused to property by changing the grade of the street, though it may not have been liable for such damage under its charter.

Appeal from special term, Westchester county.

The petition of the Church of Our Lady of Mercy for the appointment of commissioners to assess the damages accruing to its property from the change of grade made in the street on which it abutted, by the New York, New Haven & Hartford Railway Company, with the consent and by the authority of the village of Port Chester, against which damages were assessed in favor of petitioner. Defendant, the village, appeals from the award of the commissioners. Laws N. Y. 1883, § 1, provides that whenever the grade of any street, etc., in any incorporated village, shall be changed so as to interfere with any building situate thereon so as to injure or damage the property, the owner may apply to the supreme court for the appointment of commissioners to determine the damages; and section 3 provides that all damages determined by the commissioners, together with the costs of the proceeding, shall be a charge on the village.

Argued before BARNARD, P. J., and PRATT, J.

*Close & Robertson,* (*H. D. Donnelly,* of counsel,) for appellant. *Miller & Wells,* (*James A. Briggs,* of counsel,) for respondent.

PRATT, J. The amount of the award is abundantly sustained by the evidence. Several witnesses, well qualified to judge, testified in favor of a larger sum, and the award is rather below the amount fixed by most of the wit-

nesses. The appellant argues that, as there does not appear to be any record evidence that the grade of one of the streets interfered with had ever been legally established, no damages could be legally allowed for the change. One answer to this objection is that it does not appear that any such damage entered into the award. But we also think that the change of grade contemplated by the act of 1883, and for which damages are given to a property owner, refers to an existing grade, though it may not have been established by resolution. In other words, a grade may be established by general use.

The appellants argue with great force that the law of 1883, being a general law, inconsistent with the local village charter previously enacted, will not be allowed to have such an effect as practically to repeal the local law. But the question must be regarded as settled, so far as this court can do it, by the *Case of Stack,* 3 N. Y. Supp. 231. All the objections now urged were then passed upon by the court. We are still of opinion that the village is liable in damages for the injury shown, and that the petitioner pursued the proper course to obtain relief. Judgment affirmed, with costs.