PETER FOLMSBEE, RESPONDENT, *v.* THE CITY OF AMSTERDAM, APPELLANT.

*Municipal corporations — change of a grade established by user — when compensation by a city must precede a change of grade.*

The charter of the city of Amsterdam, incorporated in 1885, contained a provision that when the grade of a street had been once established and the street graded accordingly, the grade should not be changed and the street graded according to the changed grade, except upon the petition of the contiguous property owners, or unless compensation should be made to the owners of property injured, which compensation should be determined by agreement or by three commissioners to be appointed by the court, and that when any award should be confirmed by the court its amount should be a liability against the city.

Peter Folmsbee, the owner of property in the city, on the corner of Spring and Kimball streets, the grade of which had been the same for more than twenty years, but had not been established otherwise than by user, brought an action to recover the damages resulting from the action of the city in changing the grade in 1887, in which he succeeded.

Upon an appeal by the city from the judgment in favor of Folmsbee:

*Held,* that the charter did not require that the grade should be established by resolution, and that it might be established by user.

That as the defendant had not insisted in his pleadings, nor upon the trial; that the plaintiff's remedy was not by action, but by applying, under the charter, for a commission to appraise his damages, it would not be allowed to take that position for the first time upon appeal.

That the charter clearly intended that compensation should be made to an owner injured before any change was made in the grade, except in a case where the owners petitioned for such change.

That as the defendant had elected to proceed without petition or payment of compensation, its act was not under its charter, but in violation of it, was a wrongful act and plaintiff was entitled to maintain the action.

APPEAL by the defendant, the City of Amsterdam, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Montgomery on the 4th day of March, 1892, adjudging certain assessments for sidewalks void, and restraining their collection, and directing a recovery by the plaintiff of judgment for $1,000 and costs, after a trial before a referee.

The charter of the city of Amsterdam, under the provisions of which this action arose, is found in chapter 131 of the Laws of 1885, and was amended in 1885, 1887 and 1888. Section 95 of the charter provides: "When the grade of a street has been established, and the street graded accordingly, the grade shall not be changed and the street graded according to the changed grade, except upon petition of the owners of a majority of the lineal feet fronting on the part of the street to be graded, or unless compensation be made to the owners of property injured by the regrading, such compensation to be determined by agreement, or by three commissioners to be appointed by the County Court of Montgomery county, or the Supreme Court, and who shall take the oath required of commissioners in section 90 of this act, and shall view the premises and may take evidence. Said commissioners shall make a report of their proceedings to the court in which they were appointed, and said court may confirm said report, or may set it aside and appoint new commissioners whose award shall be final. The court in which said commissioners are appointed shall have general jurisdiction of the proceedings, and the same shall proceed in accordance with the rules and provisions of the court, and when any award shall be confirmed by the court the amount thereof shall be a liability against said city, and may be enforced against said city."

*Edward J. Maxwell*, for the appellant.

*W. B. Dunlap*, for the respondent.

PUTNAM, J.:

The facts of this case, as far as necessary to detail them, are stated in the opinion of the referee as follows :

" The action is brought to recover for an injury to the plaintiff by reason of the change of grade of Spring street, in the city of Amsterdam, and to restrain the collection of an assessment for the laying of sidewalks in front of the plaintiff's premises. The defendant justifies the change of grade and the laying the assessment under chapter 131 of the Laws of 1885, being the act incorporating the city of Amsterdam.

" The premises in question are situated on the corner of Spring street and Kimball street. Spring street is a street of said city, and has been used for a street for more than twenty years past, and was established by general use, and the street graded accordingly and sidewalks laid thereon.

" That more than twenty years ago Kimball street was opened and laid out as a street connecting with Spring street, and at that time Spring street, where it intersects Kimball street, was cut down to conform to Kimball street. Spring street, from Market to Wall street, had been used as a street prior to 1850. That about 1850 Spring street was extended from Wall street, and the same was graded and a plank-road laid therein.

" That Spring street from that time continued to be used by the public and work done thereon by the authorites of the village, and sidewalks built at different places on each side of Spring street, the grade and location thereof fixed and adjusted by the trustees of the village.

" That the grade of said Spring street, for over twenty-five years, until 1887, was the natural grade of the surface of the earth, except as to slight inequalities in the natural surface, which had been removed by throwing the earth from the higher to the lower places."

It is conceded that the grade of Spring street, prior to the change in 1887, had not been determined by any formal resolution of the authorities of the village or city of Amsterdam. It had only been

established by user. Counsel for respondent cites the cases of *McCall and others* v. *The Village of Saratoga Springs* (29 N. Y. St. Rep., 699); *Matter of the Church of our Lady of Mercy* (32 id., 967); *Bartlett* v. *The Village of Tarrytown* (55 Hun, 492) as showing that a grade, within the meaning of the statute, may be established by user, and need not be founded on an order or resolution of the municipal authorities.

But those cases were all decided under chapter 113 of the Laws of 1883. The language of section 1 of that act is as follows: "Whenever the grade of any street, highway or bridge in any incorporated village in this State shall be changed or altered, * * * the owner * * * may apply," etc.

That act applies only to villages, and not to a city like Amsterdam. The authority of that city to change the grade of streets is contained in section 95 of its charter, which was in force when the change of grade in question was made. That section provides that, "When the grade of a street has been *established*, and the street *graded accordingly*, the grade shall not be changed," etc. It will be seen that the language of the two acts differ materially. Hence, the authorities cited above are not necessarily decisive of the question before us. Were that question an open one, we should have doubts whether section 95 (*supra*), should not be construed to refer to a grade established *by resolution*. But this question seems to have been passed upon by the Court of Appeals. The charter of the city of Kingston, in regard to changing the grade of streets, is the same as that of Amsterdam. (Laws of 1875, chap. 429.)

In *O'Reilley* v. *The City of Kingston* (114 N. Y., 439), the action was to set aside an assessment made on account of a change of grade. There was no record of any previously established grade of the street. It was claimed by counsel for appellant that the assessment was void as involving a change in the grade established without the petition of the adjacent owners. Counsel for respondent claimed that it was not sufficient to show that the street had been graded by the former village of Kingston. It was necessary to show *an establishment* of the grade, and a working of it. The court held that "the charter of defendant prohibited the change of the grade of a street which had been established, except upon the petition of

the owners. * * * No petition of a majority of the owners of the lands fronting upon the avenue was presented, * * * and, consequently, the ordinance was without authority if a material change was effected by it."

This authority seems to hold that under a charter like that of Amsterdam, as to changing grades, the changed grade may be established by user, and is decisive of the question before us. Hence, plaintiff was entitled to compensation for damages suffered on account of the change of grade in question.

Appellant, however, insists that plaintiff has mistaken his remedy. He should have proceeded under the charter of the city of Amsterdam to have a commission appointed to appraise his damages. That a municipal corporation, acting under authority of its charter, is not liable for damages, in the exercise of the authority conferred, as long as the authority is properly exercised and not exceeded, unless the statute expressly gives a right to damages. Also, that in case of public improvements authorized by statute, which provides a mode of compensation to persons injured, that mode is exclusive, and no right of action exists in their favor, except that directed by the statute. (*Heiser* v. *The Mayor, etc., of New York*, 104 N. Y., 68; Dillon's Municipal Corporation, 686 [543].)

This position does not appear to have been asserted in the pleadings or upon the motion for nonsuit or during the trial, and we think should not now be sustained. Defendant's only claim on the trial was that plaintiff was not legally entitled to damages. It made no objection to the method of procedure adopted to recover damages. It did not offer in the answer to make compensation to plaintiff or to join with plaintiff in an application for the appointment of commissioners. We think defendant should have made the objection now first asserted on the trial, and failing to do so such objection cannot now be allowed to prevail. (*Steers* v. *The L. N. Y. and Phil. S. S. Co.*, 57 N. Y. 1: *Vose* v. *Cockcroft*, 44 id., 415; *Thayer* v. *Marsh*, 75 id., 340.)

But we think plaintiff was entitled to recover his damages by action, had the objection been taken by defendant to his mode of procedure on the trial. Section 95 of the charter of the city of Amsterdam contains *a prohibition* against changing the established grade of a street, except upon petition of contiguous

property owners, *unless compensation be made to parties injured.*
The language of the section leaves no room for doubt, that the com-
pensation was intended to precede the change of grade. "The
grade shall not be changed    *    *    *    unless compensation be made
to the owners of the property injured." Either the petition or
compensation must precede the change and the compensation as
clearly as the petition. In this case it is not claimed that there was
any petition, and, although the change in the grade has been made,
no steps whatever have been taken by defendant to pay plaintiff
his damages. Defendant has changed the grade without petition
or making or offering any compensation to the plaintiff.

We are aware that it has been held in many highway, road and
railroad cases, that when a party is entitled to damages under a
statute providing for compensation, the actual assessment or pay-
ment of such damages need not precede the taking of his land.
(*Chapman* v *Gates*, 46 Barb., 317; S. C., 54 N. Y., 132; *Smith* v.
*Helmer*, 7 Barb., 416; *Coles* v. *Trustees of Williamsburgh*,
10 Wend., 659; *Bloodgood* v. *The M. and H. R. Co.*, 14 Wend., 51.)

It will be observed, however, if the statutes referred to in the
above and kindred cases are examined, that such statutes do not indi-
cate an intention on the part of the legislature that the payment
shall be made in advance. The language of section 95 of the charter
of Amsterdam is different. It shows a legislative intent that when a
grade is changed by the city without a petition, that payment of
damages to injured parties shall precede the change.

Therefore, the doctrine relied on by defendant that, if plaintiff
has sustained damages, his only remedy is that pointed out by sec-
tion 95 of the charter, the appointment of commissioners to appraise
the damages, does not apply. That doctrine only applies where the
corporation acts under and in pursuance of the statute. If a corpo-
ration exercises an authority conferred upon it in an improper man-
ner, or does an act in violation of the prohibition contained in its
charter — a wrongful act — by which another is injured, an action
may be maintained. (See *Seifert* v. *City of Brooklyn*, 101 N. Y.,
136; Dillon's Municipal Corporations, §§ 990–994.)

Defendant is prohibited from changing any established grade,
except on petition of property owners, or unless compensation be
made to the party injured. Without such a petition, and without

making any compensation, or taking any steps to ascertain the plaintiff's damages by appointing commissioners, defendant changed the grade. Under the provisions of its charter the presentation of a petition or compensation to parties injured should precede such change. The act, therefore, of defendant was not only not done under any provision of the statute, but was prohibited by its charter — a wrongful and illegal act — and, therefore, plaintiff having sustained a serious injury in consequence of such wrongful act, can recover his damages by action.

The assessment for laying the sidewalk in front of plaintiff's premises is so clearly unauthorized as not to require discussion.

The judgment should be affirmed, with costs.

MAYHAM, P. J., concurred; HERRICK, J., concurred in the result.

Judgment affirmed, with costs.