Henry W. Sage and Others, Appellants, v. David C. Burton, Respondent.—Judgment reversed and a new trial granted, costs to abide the event.—

PER CURIAM (Herrick, J., not acting): The defendant failed to show any authority in Abbott to indorse the check. On the contrary, it appeared that he had no such power. Certainly without any proof of error or mistake in plaintiff's account, which is admitted by the answer, he was not shown to have possessed any power, as agent of plaintiffs, to receive a check for $100 less than plaintiffs' conceded account in payment thereof. The check with which defendant claims to have paid the account set out in the complaint was produced on the trial by defendant, with a forged indorsement, and hence was then in defendant's possession unpaid. We think defendant did not show payment of plaintiffs' conceded account, and hence that it was error to nonsuit. The judgment should be reversed and a new trial granted, costs to abide the event.

Michael F. Conboy, Respondent, v. Mary Cunningham and Others, Appellants.—Judgment affirmed, with costs to be deducted from share of appellant on proceeds of sale.—HERRICK, J.: The alleged errors sought to be reviewed upon this appeal, are those claimed to have been made by the referee in making and stating the accounts between the parties for rents collected and commissions charged for their collection and for moneys disbursed. The action is for a partition of land of which the parties were tenants in common. The alleged errors are errors of fact. The evidence as to rents collected, and moneys paid out, is not entirely satisfactory, but the referee had the witnesses before him in person, and heard their statements as to the manner in which they made out their accounts. I see no reason for believing that we could reach a conclusion any more satisfactory than the one at which he has arrived. Judgment should be affirmed, with costs of this appeal to be deducted from the share of the appellant in the proceeds of sale.

Betsey E. McClellan, Appellant, v. Lucy Jane Zwingli, Respondent.—Judgment affirmed, with costs.—

*Mem.* PER CURIAM: We think the finding of the referee that the deed under which plaintiff claimed title, was not shown to have been delivered, was erroneous. Being properly acknowledged and in the possession of the plaintiff delivery will be presumed. But the error of the referee in the regard above mentioned did not injure plaintiff, for the reason that she failed to show any title to the premises in suit. The deed referred to was received in evidence by the referee, and after plaintiff had introduced the same she rested without any evidence showing title in the grantors named in said deed or any possession in said grantors of that portion of the premises occupied by the defendant. In Abbott's Trial Evidence (p. 705) the proof required in such a case is correctly stated, viz.: "Plaintiff relying on a conveyance to him from a grantor other than the State must show that his grantor had either title or possession claiming title." The fact that the deed under which plaintiff claimed was more than thirty years old does not change the rule, which requires in such a case proof of the title or possession of the grantors. This is especially true in the absence of evidence showing that the deed antedated the occupancy of the defendant in the land in suit. In this case there was no evidence whatever showing the title of plaintiff's grantors to the premises occupied by defendant or that said grantors had ever been in possession thereof. The judgment should be affirmed, with costs.

John Farley and Emma Farley, Respondents, v. The City of Amsterdam.—Judgment affirmed, with costs.—

*Mem.* by HERRICK, J.: The case of *Folmsbee* v. *The City of Amsterdam* (66 Hun, 214), it seems to me is decisive of this, and that there is no occasion for an opinion. The judgment should be affirmed, with costs.